## WILLIAM WISEMAN *v.* THE PANAMA R. R. COMPANY.

The failure of the justice of a district court to give judgment within four days after the cause is submitted to him, deprives him of jurisdiction and renders the judgment a nullity.

Whether the consent of the parties to the cause, extending the time for giving judgment, relieves the difficulty, *quære ?*

No action can be maintained for work and labor, unless the work has been actually performed. Where a party has been employed under a contract and wrongfully discharged, his remedy is either by an action for damages for breach of contract, or for the contract price. In the former case, one recovery would be a bar to any

further action. In the latter, it must appear that he was ready and willing to perform any further services that might be required under the contract.

APPEAL by defendants from a judgment of the Third District Court. This action was brought to recover for work and labor performed by the plaintiff for the defendants. Judgment was rendered for the plaintiff for $100. The facts are stated in the opinion of the court.

*Eaton and Davis*, for the appellants.

*J. G. Brady*, for the respondent.

INGRAHAM, FIRST JUDGE.—This action was tried before the justice on the 26th September, and the judgment was not rendered until the 6th October, being ten days between the judgment and the trial. By the statute, the justice is required to render judgment within four days. 2 R. L. p. 370, § 87. This delay beyond the four days has been repeatedly held to deprive the justice of jurisdiction, and the judgment is therefore a nullity. *Watson* v. *Davis*, 19 Wend. 371. And we have repeatedly so held in this court.

The justice returns that it was agreed by the attorneys that judgment should be entered within six days. Without inquiring whether such a consent would give the justice jurisdiction, and conceding that the stipulation would have such an effect, still it does not relieve the difficulty. Six days from the judgment, expired on the second day of October, and the judgment was not rendered until four days thereafter. I think the judgment on that account must be reversed.

There are other difficulties in this case, which are also fatal. The claim is for work and labor. The evidence shows, that for all the time the plaintiff did any work he was paid, and that he was discharged by the defendants' agent; within nine days thereafter he left the Isthmus and returned to New York, and the judgment is for one hundred dollars.

If the plaintiff was entitled to recover, it was for a breach of contract in not employing the plaintiff, and not for work and

labor which he never performed. His action should be for the damages; and, in such a case, one recovery would be for all the plaintiff could recover. If he could recover for thirty-three days' work and labor, he might bring another action for further wages coming due thereafter, while from all the evidence it appears he was not ready or willing to perform any further services. Upon this ground also the justice erred.

Judgment reversed. ♦