## HARPER v. ALBEE.

1. JUDGMENT ON VERDICT. A justice of the peace should render a judgment on the verdict of the jury at the time it is returned. A judgment rendered sixty days after the return of the verdict held to be void.
2. DISMISSING APPEAL. An appellant may dismiss his own appeal.

*Appeal from Webster District Court.*

WEDNESDAY, APRIL 18.

TRIAL before a justice of the peace, and verdict of the jury for the plaintiff. No judgment was rendered on this verdict by the justice. Defendant upon the return of the jury appealed to the District Court. At the next term of the District Court for Webster county, the plaintiff obtained a rule upon the justice to amend his transcript. Under this rule, he

proceeded to enter up judgment for the plaintiff, and returned a new transcript from his docket thus amended. Defendant moved to dismiss his appeal, which was overruled by the court, and the judgment of the District Court was affirmed. Defendant appeals.

*James M. Ellwood* for the appellant, cited Code of 1851, sections 2306, 2328; *Taylor, Shipton & Co.* v. *Runyan & Brown,* 3 Iowa 474; *Davis* v. *Watson,* 19 Wend. 371; *Sibley* v. *Howard,* 3 Denio 72; *The People* v. *Del. Com. Pleas,* 18 Wend. 558; *Griffin* v. *Moss,* 3 Iowa 261.

*J. A Hull* for the appellee.

BALDWIN, J.—The appellant assigns as error the ruling of the court below upon the motion to dismiss the appeal and the rendition of a judgment upon the amended transcript.

An appeal lies from the final judgment of the justice, Code section 2328, but not from the verdict of a jury. 2 G. Greene 245; Ib. 454; 7 Iowa 23. It was the duty of the justice to enter up judgment forthwith after the verdict of the jury. Having failed to enter up such judgment for nearly sixty days after the day of trial, his right to do so was then gone. The rule issued in this case, directing the justice to amend his transcript, only gave him power to send up a new transcript of his proceedings as they appear upon his record. Having failed to perform his duty at the proper time, the rule of court did not renew the power which he had thus lost, and the judgment thus entered by him was without authority of law and void.

We also think the defendant had a right to dismiss his own appeal in the District Court. When he did so it was at his costs for which he and his sureties are liable.

There being no judgment at the time the appeal was taken, nor even when the rule issued, we think the court had no jurisdiction of the cause and erred in entering a judgment for plaintiff.

Judgment reversed.