### DAUCHY *vs.* BROWN.

A justice of the peace rendered a judgment in favor of the plaintiff for $98 damages and $4.65 costs, in all $102.65, and duly entered it in his docket. A few days afterwards, discovering that he had by mistake made his costs 69 cents less than he was entitled to, he undertook to correct the error by setting that sum underneath the original footing and adding them together, without erasing or altering any part of the original docket. But afterwards, finding that it was illegal to alter a judgment, he erased the addition and thus restored the docket to its original form. *Held* that these alterations did not make the judgment void. That being made after the time limited by statute for the justice to render judgment and enter it in his docket, they were clearly *void* acts, as much as if they had been done by a stranger; and being void they could not affect the judgment.

APPEAL from a judgment of the Monroe county court, affirming a judgment of a justice of the peace. The opinion of the court states all the material facts.

*J. D. Decker*, for the appellant.

*J. Fuller*, for the respondent.

*By the Court*, JAMES C. SMITH, J. · The justice properly denied the defendant's application for an adjournment. Upon his own showing, the only subject in respect to which he expected the witnesses Pond and Snyder to testify was the character of one Perry, who he alleged was to be a witness for the plaintiff; but the plaintiff avowed that he did not expect to examine Perry, and stipulated not to call him. As to the witness Palmer, the defendant stated that he subpœnaed him a month previously, to attend on the *seventh of February*, the day when the application was made, but it did not appear how he could have known the cause would be tried on that day, it having been twice adjourned since the witness was subpœnaed; besides, no cause for the non-attendance of the witness was stated. The witness Voorhies, on whose account the last application for an adjournment was made, was not mentioned in the previous application, and the defendant,

being cross-examined, disclosed the fact that he had seen Voorhies that morning, and being asked whether he told him not to come, he answered that he "told him he was going to adjourn the cause," and refused to answer any more questions. Enough was shown to warrant a denial of the applications on the ground of bad faith.

The only other question relates to the alteration of the docket of the judgment. The cause was tried by the justice on the 7th of February, and upon the same day he rendered a judgment for the plaintiff, against the defendant, for $98 damages, and $4.65 costs; in all, $102.65; and duly entered it in his docket. At that time the judgment was perfect, and in all respects authorized and regular. On the 23d of February, the day when the notice of appeal was served, the justice discovered, as appears from his return, that he had by mistake made his costs sixty-nine cents less than he was entitled to, and he then undertook to correct the error by setting that sum underneath the original footing and adding them together, without erasing or altering any part of the original docket; but afterwards finding, as he states, that it was illegal to alter a judgment, he erased the addition and thus restored the docket to its original form. The defendant contends that these alterations made the judgment void. I think otherwise. They were made after the time limited by statute for the justice to render judgment and enter it in his docket, and were clearly *void* acts, as much so as if they had been done by a stranger. Being void they could not affect the judgment. They did not materially affect even the docket, which is but the evidence of the judgment, inasmuch as, notwithstanding the alterations, the docket continued at all times to show the true amount of the original judgment. It does not appear by the return that the defendant, on appealing, paid more than the original amount of costs, and if more had been required of him by the justice, he could have recovered back the excess by action. The county court has affirmed the original judgment, so that the case stands in all respects as

if the alterations had not been made. As the alterations were void in law, and harmless in fact, and were made by one for whose acts the plaintiff was not responsible, I do not think they should have the effect to deprive him of a judgment which he has regularly recovered, and which appears to be in all respects just.

The cases cited by the defendant's counsel do not sustain his position. The only point decided in *Watson* v. *Davis*, (19 *Wend.* 371,) is that a judgment rendered by a justice *after* the four days given by statute for that purpose is erroneous; and in *Bissell* v. *Bissell*, (11 *Barb.* 96,) that although the *fourth* day is *Sunday*, a judgment rendered on the following Monday is void. *Sibley* v. *Howard*, (3 *Den.* 72,) merely decides that determining the amount of costs to be paid by the losing party is parcel of the act of rendering judgment, and must be done by the justice within the time prescribed by statute. In the case at bar, as has already been remarked, the amount of costs was determined, and the judgment was rendered, and regularly entered in the docket, on the day when the cause was submitted to the justice. The case of *The People, ex rel. Phelps,* v. *Delaware Common Pleas,* (18 *Wend.* 558,) also cited by the defendant's counsel, is an authority against him. In that case, at the close of the trial, and while the parties were present, the justice made up, entered in his docket, and declared a judgment for the plaintiff for $46.98 damages, besides costs. Afterwards, on the same day, he discovered that in adding up the demands which he intended to allow the plaintiff, he had by mistake made the sum to be $10 too large, and he then altered his docket so as to make it a judgment for $36.98 damages, besides costs; but it did not appear that the defendant knew of the alteration. On appeal by the defendant to the common pleas, the plaintiff had a verdict for $34.48, and that court regarding the justice's judgment as being for $46.98, allowed the defendant costs of the appeal, on the ground that *the recovery had been reduced more than ten dollars,* pursuant to 2 *R. S.* 263,

§ 218, *sub.* 1; and the plaintiff having made a motion in the supreme court to vacate the order allowing costs, it was denied. This decision cannot be upheld, except upon the ground that the original judgment remained *valid and effectual,* notwithstanding the subsequent alteration, even although the alteration was made *within* the time given by statute for rendering judgment.

The judgment of the county court should be affirmed.

[MONROE GENERAL TERM, September 7, 1863. *Johnson, J. C. Smith* and *Welles,* Justices.]