CHARLES GILLINGHAM AND OTHERS, RESPONDENTS, *v.* WALTER S. JENKINS, APPELLANT, IMPLEADED WITH SAMUEL COTTON.

*Appeal to a County Court from a justice's judgment and a demand for a new trial in the County Court — a judgment, void because not rendered within four days after the submission, will not support the appeal..*

This action, which was commenced in a Justice's Court in March, 1882, was tried and submitted to the justice on the 15th day of August, 1882. On April 14, 1883, he rendered a judgment in favor of the plaintiffs for $150. The plaintiffs appealed from this judgment to the County Court demanding, in their notice of appeal, a new trial in that court.

*Held,* that as the judgment was void because rendered after the expiration of the 'four days prescribed by section 3015 of the Code of Civil Procedure, it would not support the appeal attempted to be taken by the plaintiffs, and that the County Court erred in denying a motion for its dismissal made by the defendant.

*Crannell* v. *Comstock* (12 Hun, 294) distinguished.

APPEAL from an order of the Cattaraugus County Court, denying the defendant's motion to dismiss an appeal taken from the 'judgment of a justice of the peace.

*Walter S. Jenkins,* for the appellant.

*Frederick W. Kruse,* for the respondents.

BRADLEY, J.:

In March, 1882, an action to enforce a lien was commenced by one Littley and another in Justices' Court against the appellant and others. And the appellant gave notice to the plaintiffs and others for the presentation of their claims to the justice. He answered and the issues were there tried and submitted to the justice on the

15th day of August, 1882. And on the 14th day of April, 1883, he rendered judgment in favor of the plaintiffs and against the defendant for $150.

The plaintiffs appealed from this judgment to the County Court, and by their notice of appeal demanded a new trial in that court. The appellant afterward made a motion to dismiss the appeal, which was denied and he appeals. It will be observed that this judgment was rendered by the justice about eight months after the trial and final submission of the cause to him for determination. His time to render his judgment was limited by the statute to four days after such submission. (Code Civ. Pro., § 3015.) And this is not new. (2 R. S., 247, § 124.) The judicial power of the justice being thus limited and confined to the time so prescribed, his subsequent act of rendering the judgment, and the judgment itself, were without any legal effect and void. (*Sibley* v. *Howard*, 3 Den., 72; *Dauchy* v. *Brown*, 41 Barb., 555; *Dalton* v. *Loughlin*, 4 Abb. N. C., 187; *Berrian* v. *Olmstead*, 4 E. D. Smith, 279; *Wiseman* v. *Panama R. R. Co.*, 1 Hilt., 300.)

But a void judgment will support an appeal for the purposes of its review and reversal. And it will for that reason be reversed by the appellate court. (*Striker* v. *Mott*, 6 Wend., 465; *Watson* v. *Davis*, 19 id., 371; *McMahon* v. *Rauhr*, 47 N. Y., 67, 72.) This judgment was no determination of the rights of the parties and constituted no bar to another action for the same cause. And the appeal to the County Court is not for the purpose of its review and reversal, but to reach a result in the action by means of such appeal, which shall be a legal and effectual determination of the rights of the parties represented by the judgment of that court. The pendency of the action before the justice terminated with the time limited for the rendition of the judgment, and his power to thereafter render a judgment, and its legal effect, were no greater than they would have been if no action or proceeding had ever been instituted before him. The right of appeal, and its purpose and effect, are governed by the statute, which provides that where the judgment demanded by the pleading of either party exceeds fifty dollars "the appellant may, in his notice of appeal, demand a new trial in the appellate court, and thereupon he is entitled thereto." (Code Civ. Pro., § 3068.) And that " after the expiration of ten

days from the time of filing the justice's return, the action is deemed an action at issue in the appellate court, and all the proceedings therein * * * are the same as if the action had been commenced in the appellate court, except," etc. (Id., § 3071.) A justice's judgment is, therefore, superseded by such appeal from it. (*Burns* v. *Howard*, 9 Abb. N. C., 324.) And it is through the appeal from it that the action, which had been pending in the Justices' Court, is transferred to the County Court, and is in pendency there, not for the purpose of review, but solely for the exercise of original jurisdiction, as if it had been originally instituted in that court. And yet it is the same action that was commenced and had been pending in the Justices' Court, where it had resulted in a judgment. It logically seems necessary to connect a judgment in the Justices' Court with an action there to give to the appeal the effect of taking an action into the County Court, and giving it pendency there, for the purposes of the exercise of original jurisdiction, because the statute does not contemplate the commencement of an action in the County Court by an appeal, but the transfer to that court of an action originally commenced in the court below; and unless the judgment appealed from is in fact rendered in an action there, it is difficult to see how an action is transferred from the Justices' Court to the County Court by an appeal taken from it. If the pendency of the action before the justice did not cease on his failure to perform the judicial act of rendering a judgment within the time, it is not seen when such would be the consequence. And for the purpose of continuing the action in the County Court for an original adjudication there, the judgment may as well be rendered by the justice four years as eight months after the cause is finally submitted to him on the merits.

This case presents something more and different from mere error in a determination by a justice that he has jurisdiction on the facts, when he has not. In such case he makes a decision in the action when it is before him, and on a new trial on appeal, the question whether an error was committed may not have consideration, because his judgment is in no sense the subject of review. That was the view of the question sought to be raised in *Crannell* v. *Comstock* (12 Hun, 294), and that case has not necessarily any practical application here. The purpose of this appeal to the County Court is

characterized as for the continuance of the action, and a new trial there. That is the effect given to the notice of appeal by the statute. And we think the effect and purpose of the notice is not qualified by section 3062 of the Code, so as to treat it otherwise, when the judgment appealed from comes within the statutory requirement permitting the appeal to be taken for a new trial and a new trial is by the notice demanded.

The statute makes the legitimate use of such demand depend upon the pleadings of the parties or of one of them. (Id., § 3068.) The fact that the judgment appealed from is void, and such as not to justify a new trial, is not within the statutory reason for retaining the appeal for review of the judgment upon the law only, nor is there any apparent occasion in such case for an assumed modification of the notice of appeal or its effect to permit the appellant to simply reverse a void judgment in his favor.

If these views are correct, the order appealed from should be reversed, and the motion to dismiss the appeal granted.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Order reversed, without costs, and the case remitted to the County Court of Cattaraugus county, with directions to dismiss the appeal.