McAdam, C. J.
An action abates when it it defeated or fails, and the legal power to continue it has terminated. All jurisdiction over the district court action terminated on the failure of the justice to decide the cause within eight days after it was finally submitted to him for decision. *708 Consol. Act of 1882, § 1384; 4 Den., 72; 4 E. D. S., 279; 1 Hilt., 300; 1 Daly, 485; 4 Abb. N. C., 187. The action failed and the power to continue it terminated. The plaintiff did not succeed in obtaining a recovery and in this sense she was defeated in the purpose of her action. The action, therefore, abated within the legal sense of that term as employed in the undertaking. The question is not new. It came before this court in Tone v. Hetherington et al. (Daily Reg., October 7, 1881),* and such was the interpretation then applied to similar circumstances. It was presented in the city court of Brooklyn, before Judge • Reynolds, in Barstel v Evarts. Judgment was directed against the sureties for tire value of the property. The sureties paid the judgment, and thereafter sued the justice to recover back the moneys they were obliged to pay by reason of his failure to decide the action pending before him within the statutory time. The court of appeals held that the action against the justice was not maintainable. Evarts v. Kiehl, 102 N. Y., 296; 1 N. Y. State Rep., 663.
The defendants, however, are clearly hable. They are chargeable with a knowledge of the law, and presumably knew that if the justice failed to decide the case within the statutory time the action would abate, and they are supposed to have contracted with reference to this contingency. The liability is one which the nature of the case made possible, and this being known to the sureties, was fairly within their contemplation when they executed the undertaking now sued upon. It may be argued that the justice, being a public officer, the sureties had the right to assume that he would perform his judicial duty. They had, but as this is a mere inference, it may, like any other presumption, be overcome by proving the contrary to be the fact. The complaint alleges, and the defendant by demurring, admits that this duty was neglected in the present instance. The presumption is thereby effectually overthrown.
The $400 claimed is the penalty of the undertaking. The damages recoverable are limited to $200, the value of the property as stated in the undertaking. As the ad damnum clause of the complaint is not open to demurrer (5 Sandf., 640; 15 How. Pr., 314), it follows that the plaintiff is entitled to judgment on the demurrer, but the amounnt thereof will be limited to $200.
Judgment accordingly.

 Decision in Tone v. Hetherington et. al., before referred to:
McAdam, J.—The sureties according to the language of the undertaking, were to become chargeable “if the action abated.” This provision must, under the Code (section 1699) applicable to the district courts (sections 3820,3310) be contained in all undertakings on claims and delivery. The statute under which Pierce v. Hardee (1 T. & C., 557), was decided did not require such a *709 cpndition, so that the undertaking sued upon in that case contained no such provision. The cases therefore are not alike. The district court action effectually abated by the failure of the justice to decide it within the time required by statute, and it cannot be revived in any form. The plaintiff in that action would have to return the property to the defendant therein before bringing a new action-. He could not sue for the possession of goods already in his exclusive custody and control. By electing to sue in the district court, the plaintiff in that action and his sureties, must be understood to have contemplated all the.risks incidental to the peculiar jurisdiction of district courts, of which the con: tingency that has happened is one. No demand was necessary. The sureties agreed to return the property if the action abated. It did abate and their failure to return the property is a sufficient breach. See Sali bury v. Stinson, 10 Han, 242. The p.aintiff is therefore entitled to judgment on the demurrer, with costs.