TILÉN, DEMANDANTE Y APELADO, *v.* MENA, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en procedimiento sobre nuevo juicio en pleito de desahucio.

No. 1493.—Resuelto en febrero 19, 1917.

DESAHUCIO—APELACIÓN—NUEVO JUICIO.—En los juicios de desahucio, según la sección 10 de la Ley de 9 de marzo de 1905, la jurisdicción del Tribunal Supremo está limitada únicamente a una apelación ''contra la sentencia,'' sin que sea permitido apelar contra una resolución dictada en moción de nuevo juicio, pues no fué la intención de la legislatura conceder dobles apelaciones en el mismo caso, aun cuando es dudoso el derecho a un nuevo juicio en pleitos de desahucio dentro de las prescripciones del Código de Enjuiciamiento Civil.

INTERPRETACIÓN DE ESTATUTOS—DEROGACIÓN DE LEYES—LEYES ESPECIALES Y GENERALES.—Es un principio muy conocido de interpretación de este tribunal, que una ley especial no deroga una general, a no ser que aparezca claramente dicha intención, o que las dos leyes sean incompatibles.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. S. Abella Bastón.*
Abogado del apelado: *Sr. E. H. F. Dottin.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Sentimos que en este caso tenga que ser desestimada la apelación.   La principal cuestión, o sea si la escritura otorgada por la apelante a María del Rivero era de tal natu-

raleza que la persona que compró a esta última podía obtener un título consumado y establecer una acción de desahucio, era importante. Nos inclinamos al parecer de que el caso podría prosperar y lo indicamos para evitar más gastos al apelante, si bien nuestra conclusión no es terminante. La apelación tiene que ser desestimada, no porque la corte inferior no tenía necesariamente derecho en un procedimiento de desahucio para conocer de una moción de nuevo juicio, sino porque la legislatura ha limitado la jurisdicción de esta corte en tal procedimiento a una apelación contra la sentencia. No resolveremos la cuestión de si un arrendatario tiene en la corte de distrito derecho a solicitar un nuevo juicio. Si es que tiene tal derecho y lo ejercita sin apelar de la sentencia, como en el presente caso, se pierde el derecho de apelación.

Las secciones pertinentes de la Ley de Desahucio son las siguientes (Leyes de la Sesión de 1905, página 288):

"Sección 10.—En los juicios de desahucio no se dará en ningún caso más de una apelación que se ejercitará: para ante la corte de distrito, de la sentencia dictada por las cortes municipales; y para ante la Corte Suprema, de las dictadas en primera instancia por las cortes de distrito.

"Sección 11.—Las apelaciones deberán interponerse en el término de cinco días contados desde la fecha de la sentencia."

Ahora bien, aunque es posible alegar que la legislatura solamente tuvo en cuenta que no se permitieran dobles apelaciones en el mismo caso, creemos que fué la intención de dicha legislatura el permitir una apelación contra la sentencia únicamente. Semejante conclusión se infiere del espíritu de la ley y de la naturaleza del procedimiento de desahucio. La principal idea de dicho procedimiento es la rapidez. En él se resuelve el derecho de las partes a la posesión inmediata, pero no en lo que respecta al título. Si pudiera una parte presentar una moción de nuevo juicio y apelar finalmente de la resolución dictada sobre dicha moción, la decisión final sería pospuesta. La fraseología especial de

la ley acerca de lo que ha de hacerse después de la senten-
cia, es decir el tiempo excepcionalmente limitado para las
apelaciones, el depósito, los deberes en cuanto a prontitud
impuestos a los funcionarios de la corte, y la preferencia
que ha de darse a las apelaciones, todo demuestra que la le-
gislatura tuvo en cuenta la sentencia como la base para la
apelación y no la resolución para un nuevo juicio, suponiendo
siempre que la corte pueda conocer de dicha moción como
lo hizo en este caso. Teniendo presente estas consideracio-
nes generales, resulta evidente que al expresar la legisla-
tura en la sección 10 que no se dará en ningún caso más de
una apelación y "contra la sentencia," se excluía la posi-
bilidad de una apelación contra la resolución dictada sobre
una moción de nuevo juicio. Entendemos que ésta era la
práctica de acuerdo con la ley existente antes de la aproba-
ción del Código de Enjuiciamiento Civil y es un principio
muy conocido de interpretación de este tribunal que una
ley especial no puede ser derogada por una ley general, a
no ser que aparezca claramente dicha intención, o que las
dos leyes sean incompatibles. Sin embargo, teniendo alguna
duda acerca de si el Código de Enjuiciamiento Civil no había
derogado la Ley de Enjuiciamiento Civil antigua y con ella
el procedimiento de desahucio, la Legislatura en 9 de marzo,
1905, aprobó otra ley de desahucio que en substancia es una
copia de la ley anterior. Esa ley tiene por objeto como apa-
rece de su faz, regular las apelaciones y nada dispone para
ninguna apelación como no sea contra la sentencia. De donde
se infiere que aun cuando en un procedimiento de desahu-
cio el derecho a un nuevo juicio pueda ser deducido dudo-
samente de las prescripciones del Código de Enjuiciamiento
Civil, la apelación quedó excluída.

Debe desestimarse la apelación.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison firmó conforme con la sentencia.