JOSEPH FURANZ, Appellant, v. BERNARD TRAMONTANO and JAMES M. DUNLAVEY, Respondents.

Third Department, March 7, 1917.

Practice — judgment — authority of justice of the peace to amend judgment by inserting true given name of defendant — estoppel — authority of justice of peace after expiration of term of office to issue execution against wages or salary of defendant — authority to issue such execution after filing transcript with county clerk.

A justice of the peace may amend a judgment by inserting therein the true given name in parentheses of the defendant.

Where a defendant appears before a justice of the peace and defends the action without objection as to any informality or irregularity in his given name, as stated in the summons, and no rights of third parties are involved, he is estopped after entry of judgment to repudiate the name which by his conduct he permitted the justice and the plaintiff to believe was his true given name.

The power of a justice of the peace under section 3027 of the Code of Civil Procedure to issue an execution after his term of office has expired does

not apply to an execution against the wages or earnings of the defendant under section 1391.

Where the term of office of a justice has expired he may issue a transcript of the judgment which, when filed, becomes a judgment of the County Court, and an execution may issue thereon by the county clerk, but said clerk cannot issue an execution under section 1391. Application therefor should be made to the county judge.

APPEAL by the plaintiff, Joseph Furanz, from an order of the Supreme Court, made at the Schenectady Special Term and entered in the office of the clerk of the county of Saratoga on the 14th day of June, 1916, denying his motion for judgment on the pleadings consisting of a complaint and answer.

*Will W. Smith,* for the appellant.

*Clarence H. Knapp,* for the respondents.

COCHRANE, J.:

In October, 1915, the defendant Dunlavey, who was a justice of the peace, issued a summons in behalf of the defendant herein Tramontano and against the plaintiff herein. The summons described the defendant in that action as Frank Furanz. It was, however, properly served on Joseph Furanz, who appeared in the action before the justice of the peace and defended the same and raised no objection that he was not properly described in the summons or other proceeding in said action. The justice rendered a judgment against him under the name of Frank Furanz and issued an execution against his property which was returned unsatisfied. Thereafter the justice amended the judgment by inserting immediately after the name Frank Furanz the name in parentheses Joseph Furanz, but apparently made no erasure or other interference with the judgment previously entered.

The term of office of the justice expired December 31, 1915, and thereafter an application was made to him by Tramontano under section 1391 of the Code of Civil Procedure for an execution against the wages or earnings of Furanz, which execution was issued. The foregoing facts appear from the pleadings herein. The plaintiff in his complaint demands judgment that the said judgment of the justice of the peace and the said

execution be declared null and void and that the defendants be restrained from enforcing said judgment. The order under review denies the plaintiff's motion for judgment on the pleadings for the said relief so demanded.

Section 723 of the Code of Civil Procedure permits the court "before or after judgment" to "amend any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party," and this section is made applicable to Justices' Courts by section 3347, subdivision 6, of the Code of Civil Procedure. The amendment in this case was in furtherance of justice and it would seem that it was authorized by the Code provisions above mentioned.

But independently of the above statutory provisions the amendment of the justice worked the plaintiff herein no harm. The judgment as originally entered is enforcible against him. He appeared before the justice and defended the action under the name of Frank Furanz. The proper person was before the court without objection as to any informality or irregularity in his name. The rights of third parties are not involved. So far as Furanz is concerned for the purposes of the litigation before the justice of the peace he in effect assumed the name of Frank Furanz and is not now at liberty to repudiate the name which by his conduct he permitted the justice and the plaintiff to believe was his true name. The doctrine of estoppel clearly applies. The judgment being a valid and enforcible one against Furanz, even if the amendment as subsequently made by the justice was void, that did not invalidate the original judgment which was not changed except by the insertion therein of the name Joseph Furanz in addition to the name Frank Furanz and was not affected by such change if such change was unauthorized. (*Rich* v. *Markham*, 92 Hun, 78; *Dauchy* v. *Brown*, 41 Barb. 555.)

The execution, however, is void and should be set aside. The power of a justice of the peace whose term of office has expired to issue an execution is conferred by section 3027 which is a part of title 7 of chapter 19 of the Code of Civil Procedure relating to executions in Justices' Courts. The execution in question against the wages of the plaintiff is a special kind of

execution authorized by section 1391 of the Code of Civil Procedure. That section grants a justice of the peace the power to issue such an execution in the proper case. But Dunlavey when he issued this execution was not a justice of the peace, and the power conferred by section 3027 does not apply to executions issued under section 1391. This latter class of executions can only be issued "upon satisfactory proof" of certain facts "by affidavits or otherwise." The court or magistrate issuing such an execution has to act judicially before doing so and make a determination that a proper case exists to justify such execution. The power of a justice whose term of office has expired to issue an execution under section 3027 is merely ministerial. Notwithstanding that the term of office of a justice has expired he may issue a transcript of the judgment (§ 3023) which when filed becomes a judgment of the County Court, and an execution may issue thereon by the county clerk. (§§ 3017, 3043.) But it is very plain from the language of section 1391 that the county clerk cannot issue the execution contemplated thereby, but application therefor should be made to the county judge. If the county clerk does not possess such power that is an additional reason why a justice of the peace out of office does not have it, in the absence of language indicating the contrary.

It follows that the plaintiff is entitled to judgment on the pleadings, declaring void the execution but not the judgment.

The order should be reversed, with ten dollars costs and disbursements, with leave to the plaintiff to move at Special Term for judgment vacating the execution but not the judgment.

All concurred.

Order reversed, with ten dollars costs and disbursements, with leave to plaintiff to move at Special Term for judgment vacating the execution but not the judgment.