JOAQUÍN RIVERA MARTÍNEZ, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 641.   Argued January 28, 1929.—Decided June 24, 1929.

*Edelmiro Martínez Rivera* for the petitioner.   *J. P. Miranda* for the plaintiff in the principal action.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

An action of debt was brought against J. Rivera Martínez in the Municipal Court of San Juan.  The municipal court rendered judgment against him and he appealed to the district court.  The case was tried *de novo* on December 26, 1928, and, in the presence of the parties and without any objection, the district court postponed further action until the 17th of the following January, when it rendered judgment against

the defendant, who then filed this petition for certiorari, alleging that the district court had no jurisdiction to render the judgment because of the expiration of the statutory period of ten days.

The record shows that in fact the judgment in question was rendered, under these circumstances, beyond the period prescribed by the Act of 1908 for the regulation of appeals from judgments rendered by municipal courts·in civil actions, as amended by Act No. 93 promulgated on March 31, 1919, by virtue of a judgment of this Supreme Court of March 11, 1919. That act is as follows:

"Sec. 4. The trial having been held, the court shall render judgment within the period of ten days. . . "

The district judge maintains in his answer that the act invoked by the petitioner was repealed by Act No. 95 also promulgated on March 31, 1919, by virtue of a judgment of this Supreme Court of March 11, 1919, whose sections 1 and 2 prescribe as follows:

"Sec. 1. That the term in which district and municipal judges shall render judgment or decision in any civil case shall in no case exceed sixty days for the former and ninety days for the latter.

"Sec. 2. That all laws or parts of laws in conflict herewith are hereby totally repealed."

In our opinion the district judge is mistaken. Implied repeals are not favored by the courts. The Act of 1908 amended by Act No. 93 of 1919 is a special act and Act No. 95 of the same date is a general act. The two acts are not necessarily incompatible and may and should therefore stand as the full expression of the legislative intention.

It seems advisable to transcribe the following citation from the brief of the petitioner:

"It is, however, equally true that the presumption against implied repeals has peculiar and special force when the conflicting provisions which are thought to work a repeal are contained in a local or special act and a latter general act. The presumption is that the special is

intended to remain in force as an exception to the general act, especially where both laws were enacted at the same time, or are substantially contemporaneous.—Hence, it is a canon of statutory construction that a latter statute, general in its terms and not expressly repealing a prior special statute, will ordinarily not affect the special provisions of the earlier statute.—The general rule is that a general statute does not repeal a special statute unless the purpose so to do is clearly manifest.'' 25 R.C.L. 927.

This question being disposed of, there remains what constitutes the real basis of the appeal, *i. e.*, whether the period fixed for rendering judgment by the Act of 1908 as amended in 1919 is mandatory or directory.

In support of the contention that it is mandatory the petitioner says in his brief:

'' 'Where the statute requires rendition of the judgment within a limited time, it is generally held that the court loses authority over the case at the expiration of that time, so that a judgment thereafter rendered is void for want of jurisdiction, as where the judge is directed by statute to render his decision within a certain number of days after the case is submitted to him.' 34 C.J. 63; 23 Cyc. 782.

'' 'There are numerous cases in which it has been held that the omission in rendering judgment within the statutory time deprives the judge of jurisdiction to render it subsequently.' 28 L.R.A. 640.

'' 'Where the statute requires rendition of a judgment and that it be entered within a prescribed term, it has been generally held that the omission to render judgment within the limited time deprives the judge of jurisdiction and a judgment subsequently rendered is void. Wisemen v. Panama R. Co., 1 Hilt. 300; Watson v. Davis, 19 Wend. 371; Burton v. McGregor, 4 Ind. 550; Harper v. Albee, 10 Iowa 389.

'' 'In Eaton v. French, 23 Ohio St. 560, it was held that 'a statute limiting the term within which a judge shall render judgment is clear, specific and peremptory and the authority of the judge must *be measured* thereby.'

'' ※　　 ※　　 ※　　 ※　　 ※　　 ※　　 ※

''With all due respect, we think that the judgment herein was rendered by a judge who had no longer authority to do so, as he had let the term expressly allowed him by the statute to elapse,

and therefore that the judgment can not be executed against the petitioner herein.

" 'Where a district judge fails to render judgment within *four days* after the case has been finally submitted, he loses all jurisdiction, and a judgment subsequently rendered is void.' *I* Hilt. 300 (N. Y.)

" 'Where a district judge fails to decide a case within *eight days* after it has been finally submitted to him, the action abates.' Frost v. Kopp, 13 Civ. Proc. 377 (New York).

"We respectfully call the attention of the court to the fact that the cases cited refer to civil actions."

There is no doubt that the contention of the petitioner finds support in the jurisprudence, but there are courts which hold the contrary. We quote further from Corpus Juris as follows:

" . . . But some courts hold that compliance with provisions of this kind is not jurisdictional, disregard of it rendering the judgment at most irregular and erroneous, but not void, and that, being for the benefit of the parties, it may be waived by them. . . Mere delay does not work a loss of jurisdiction to render or enter a judgment. . . Disregard of a rule of court requiring judgments to be rendered at least a designated number of days before the end of the term does not make the judgment void." 34 C. J. 64, sec. 193.

On two occasions at least this court has applied the rule that a judgment rendered by a district court after the expiration of the statutory period is not a mere nullity.

In *Torres* v. *American Railroad Co.*, 34 P.R.R. 661, the question was raised and the court upheld as valid a judgment rendered by a district court after the expiration of the ninety days fixed by Act No. 95 promulgated in 1919, concluding its reasoning as follows:

"In the circumstances, and without closing the door to further investigation in future cases, it will suffice for the present to refer in passing to *Oronoz* v. *Román*, 26 P.R.R. 22, also mentioned by appellant, and to 14 Cal. Juris., pages 914, 916, section 33."

In the criminal case of *People* v. *Cardona*, 36 P.R.R. 556, it was held:

". . ."Thus it appears that the court below was within the rule that

the statutory period prescribed for the rendition of judgment may be extended by an order made in the presence of the parties and entered upon the minutes,—conceding for the sake of argument, without holding, that the provision in question should be regarded as mandatory rather than directory in the case of a district court when disposing of criminal cases after a trial *de novo* on appeal from a municipal court."

That being so, in view of the circumstances of the case we do not agree with the petitioner that the District Court of San Juan acted without jurisdiction. Therefore the writ of certiorari must be discharged and the case remanded to the court of its origin.