Joaquín Rivera Martínez, peticionario, *v.* La Corte de Distrito de San Juan, Hon. Pablo Berga, Juez, demandada.

No. 641.—*Sometido:* Enero 28, 1929. *Resuelto:* Junio 24, 1929.

*Edelmiro Martínez Rivera,* abogado del peticionario; *J. P. Miranda,* abogado del demandante en el pleito principal, interventor.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

J. Rivera Martínez fué demandado en la Corte Municipal de San Juan en cobro de dinero. Falló la corte municipal en contra suya y apeló para ante la de distrito. Celebró ésta el juicio de nuevo el 26 de diciembre de 1928 y aplazó, en presencia de las partes y sin que ninguna de ellas formulara objeción, el pronunciamiento de la sentencia, dictándola el 17 de enero siguiente, también en contra del demandado. Éste archivó entonces la presente solicitud de *certiorari* alegando que la sentencia dictada por la corte de distrito lo fué sin jurisdicción por haberse pronunciado después de vencido el término de diez días fijado por la ley.

Los autos muestran que en efecto la sentencia de que se trata se dictó, bajo las circunstancias indicadas, fuera del término fijado por la ley de 1908 para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, tal como quedó enmendada por la Ley No. 93 promulgada en 31 de marzo de 1919 a virtud de sentencia de este Tribunal Supremo de 11 de Marzo de 1919. Dicha ley es como sigue:

"Sección 4.—Celebrado el juicio, la corte dictará sentencia dentro de un período de diez días . . ."

En su contestación el juez de distrito sostiene que la ley invocada por el peticionario fué derogada por la No. 95 también promulgada el 31 de marzo de 1919 a virtud de sentencia de esta Corte Suprema de 11 de mayo de 1919, cuyas secciones 1 y 2 prescriben:

"Sección 1.—El término en que los jueces de distrito y municipales pronunciarán sus fallos o resoluciones en toda acción civil, no excederá de sesenta días para éstos y noventa para aquéllos.

"Sección 2.—Toda ley o parte de ella que se opusiere a la presente, queda totalmente derogada."

A nuestro juicio no tiene razón el juez de distrito. Las derogaciones tácitas no son favorecidas por las cortes. La ley de 1908 enmendada por la 93 promulgada en 1919 es una ley de carácter especial, la 95 promulgada en igual fe-

cha lo es de carácter general. Ambas leyes no son necesariamente incompatibles y pueden y deben por tanto subsistir como la completa expresión de la voluntad legislativa.

Parece oportuno transcribir la siguiente cita que tomamos del alegato del peticionario:

"Sin embargo, es igualmente cierto que la presunción contra derogaciones implícitas tiene especial y peculiar efecto cuando el conflicto en las disposiciones que se tratan de derogar se contienen en una ley especial y en una general. La presunción es que la ley especial se entiende que permanece en vigor como una excepción a la ley general, especialmente cuando ambas leyes han sido aprobadas al mismo tiempo, o son substancialmente contemporáneas.—Así, es una regla de interpretación estatutoria que un estatuto posterior, que es general en sus términos y que expresamente no deroga un estatuto especial anterior, no afecta ordinariamente las disposiciones del estatuto más viejo.—La regla general es que un estatuto general no deroga uno especial a menos que ese propósito esté claramente manifestado." 25 R.C.L. pág. 927.

█ Eliminada esta cuestión queda la que constituye la verdadera base del recurso, a saber: si el término fijado para pronunciar sentencia por la ley de 1908, tal como quedó enmendada en 1919, es mandatorio o directivo.

Para sostener que es mandatorio dice el peticionario en su alegato:

"Cuando el estatuto requiere que la sentencia se dicte dentro de un término fijo, se ha resuelto generalmente que la corte pierde su autoridad sobre el caso al expirar el término, y una sentencia dictada después de haber transcurrido el término es nula por falta de jurisdicción, como cuando un juez es ordenado por estatuto que rinda su fallo dentro de cierto número de días después de habérsele sometido el caso.' 34 C. J. pág. 63; 23 Cyc. 782.

" 'Hay numerosos casos en los cuales se sostiene que la omisión en dictar sentencia dentro del término prescrito priva al juez de jurisdicción para dictarla subsiguientemente.' 28 L.R.A. 640.

" 'Cuando el estatuto requiere que se dicte sentencia y que ésta se registre dentro de un término prescrito, se ha resuelto generalmente que la omisión de dictar sentencia dentro del tiempo limitado priva al juez de jurisdicción y una sentencia dictada subsiguientemente es una nulidad.' Wisemen vs. Panama R. Co., 1 Hilt.

300; Watson vs. Davis, 19 Wend. 371; Burton vs. McGregor, 4 Ind. 550; Harper vs. Albee, 10 Iowa 389.

"En el caso de Eaton vs. French, 23 Ohio St. 560, se resolvió que 'el estatuto que limita el término dentro del cual un juez debe dictar su sentencia es claro y específico y perentorio y la autoridad del juez debe *medirse* por el mismo.'

\*      \*      \*      \*      \*      ●      ●

"Con todo el respeto debido, opinamos que la sentencia que se dictó en este caso fué dictada por un juez que ya no tenía autoridad para ello por haber dejado transcurrir el término que la ley expresamente le confería, y por tanto que la sentencia no puede ejecutarse contra el aquí peticionario.

" 'Si el juez de distrito no dicta sentencia dentro de CUATRO días después de sometido el caso, él pierde toda su jurisdicción; y una sentencia dictada posteriormente es una nulidad.' 1 Hilt. 300. (N. Y.)

" 'Si un juez de distrito deja de decidir un caso dentro de OCHO DÍAS después que le ha sido definitivamente sometido, la acción muere (*abates*). Frost vs. Kopp. 13 Civ. Proc. 377. (New York).

"Respetuosamente deseamos llamar la atención del Tribunal al hecho de que los casos citados se refieren a pleitos civiles."

No puede dudarse que la contención del peticionario encuentra apoyo en la jurisprudencia, pero hay cortes que sostienen la posición contraria. Nos limitaremos a seguir copiando lo que dice Corpus Juris. Es así:

" . . . Pero algunas cortes sostienen que el cumplimiento de disposiciones de esta clase no es jurisdiccional, y el pasar por alto tal disposición hace que la sentencia a lo sumo sea irregular y errónea, mas no nula; y como existe para beneficio de las partes, puede ser renunciada por ellas . . . . . La mera demora no ocasiona que se pierda jurisdicción para dictar o registrar sentencia . . . . . Hacer caso omiso de una regla de la corte que exige que las sentencias sean dictadas por lo menos determinado número de días antes de expirar el término de sesiones, no hace que la sentencia sea nula." 34 C. J. 64, pár. 193.

Por lo menos en dos ocasiones esta Corte Suprema ha aplicado el criterio de que una sentencia dictada por una corte de distrito después del término fijado por el estatuto no es una mera nulidad.

En el caso de *Torres* v. *American R. R. Co.*, 34 D.P.R. 689 se suscitó la cuestión y la corte sostuvo como válida una sentencia dictada por una corte de distrito después de los noventa días fijados por la Ley No. 95 promulgada como se ha dicho en 1919, terminando su razonamiento así:

"Dentro de las circunstancias y sin cerrar las puertas a una ulterior investigación en futuros casos, será bastante por ahora con hacer referencia de paso al caso de Oronoz v. Román, 26 D.P.R. 25, citado también por la apelante, y al tomo 14 de la Jurisprudencia de California, páginas 914, 916, sección 33."

Y en un caso criminal, *El Pueblo* v. *Cardona*, 36 D.P.R. 618, 621, resolvió:

"De modo que aparece que la corte inferior actuó dentro de la regla de que el período estatutorio prescrito para dictar sentencia puede ser prorrogado por virtud de una orden dictada en presencia de las partes y consignada en las minutas,—admitiendo, para los fines de la argumentación, pero sin que lo resolvamos, que la disposición en cuestión deba ser considerada como imperativa más bien que directiva cuando se trata de la resolución de casos criminales por una corte de distrito después de un juicio *de novo* procedente en apelación de una corte municipal."

Siendo ello así, atendidas las circunstancias que concurren en el caso, no estamos conformes con el peticionario en que la Corte de Distrito de San Juan actuó sin jurisdicción. *En tal virtud debe anularse el auto de certiorari expedido y devolverse* el pleito a la corte de origen a los fines procedentes.