EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SIXTO NIETO y RAÚL MARTIZ, acusados y apelantes.

Núm. 10735.—*Sometido:* Marzo 6, 1945. *Resuelto:* Abril 25, 1945.

*Enrique Báez García,* abogado de los apelantes; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Sixto Nieto y Raúl Martiz fueron acusados en la Corte de Distrito de Mayagüez del delito de adulteración de leche. Antes de celebrarse el juicio los acusados presentaron una moción solicitando juicio por jurado, alegando que si bien la acusación les imputaba que "ilegal, voluntaria, maliciosa y criminalmente, tenían para la venta con el fin de dedicarla al consumo humano, leche de vaca adulterada con agua añadida artificialmente," la Ley núm. 77 de 12 de agosto de 1925 (pág. 559) [1] había sido derogada por la Ley de Alimentos, Drogas y Comésticos de Puerto Rico (Ley núm. 72 de 26 de abril de 1940, pág. 493), en la cual se declara delito la adulteración de leche por ser ésta un alimento; que como en la Ley de Alimentos, Drogas y Cosméticos no se confiere jurisdicción exclusiva a la corte de distrito, por lo cual tratándose de un *misdemeanor,* la corte municipal tiene jurisdicción concurrente con la corte de distrito, es de aplicación el artículo 178 del Código de Enjuiciamiento Criminal (ed. 1935), a virtud del cual el acusado al ser enjuiciado originalmente en la corte de distrito tiene derecho a ser juzgado por jurado. La corte desestimó la moción de los acusados, y celebrado el juicio por tribunal de derecho, los declaró culpables y los sentenció por el delito imputádoles.

En el recurso que han interpuesto contra la sentencia, el único error que señalan es el de no habérseles con-

---

[1] "Ley proveyendo lo necesario para castigar la adulteración de leche y para otros fines."

cedido el derecho que alegan tener de ser juzgados por jurado.

La contención de los apelantes está basada exclusivamente en que la Ley de Alimentos, Drogas y Cosméticos de 1940 ha derogado la Ley núm. 77 de 1925, sobre adulteración de leche.

Las dos leyes son *in pari materia,* pero la de 1940, que es de carácter general, no menciona la leche entre los alimentos de cuya adulteración se ocupa. Si no existiera la Ley especial núm. 77 de 1925, que define y castiga el delito de adulteración de leche, tendríamos que convenir con los apelantes en que la leche, siendo un alimento para el consumo humano, estaría comprendida dentro de la Ley general núm. 72 de 1940. Pero es regla bien establecida en materia de interpretación de estatutos que una ley general no deroga una ley especial a menos que expresamente se consigne en la general la derogación o sean incompatibles entre sí. *Rivera* v. *Corte de Distrito,* 39 D.P.R. 794 (1929); *Tilén* v. *Mena,* 24 D.P.R. 815 (1917). En el presente caso las dos leyes pueden subsistir sin conflicto alguno, la primera regulando todos aquellos alimentos que no se rijan por una ley especial que no haya sido derogada por la general, y la núm. 77 de 1925 regulando exclusivamente la adulteración de leche.

Arguyen los apelantes que al aprobarse la Ley núm. 63 de 28 de abril de 1931 (pág. 415) [2] expresamente se consignó en su sección 8 que dicha Ley no derogaba "las leyes especiales aprobadas en fecha anterior por la Legislatura de Puerto Rico reglamentando la venta de leche, de café y el tráfico de leche desnatada en polvo, pero mantiene en pie todas las disposiciones que no estén en conflicto con aquellas tres leyes," y que el no contener esa disposición la Ley de

---

[2] "Ley para prohibir la venta, almacenaje o transporte de alimentos y drogas o medicinas adulterados o falsamente rotulados o que sean venenosos o perjudiciales a la salud, y para otros fines."

Alimentos, Drogas y Cosméticos de 1940, y guardar absoluto silencio sobre la ley de adulteración de leche de 1925, demuestra la intención legislativa de derogarla. El haberse expresado en la Ley núm. 63 de 1931 que dicha legislación no derogaba la ley sobre adulteración de leche fué una manifestación completamente innecesaria, pues aunque no lo hubiera dicho no la hubiera derogado porque entre la ley de 1931 de carácter general y la de 1925 de carácter especial, no existía conflicto, ni la primera expresamente derogaba la segunda. Y el haberse guardado silencio sobre esta cuestión en la Ley de Alimentos, Drogas y Cosméticos de 1940 no implica que sea la intención legislativa derogar la ley especial de 1925 sobre adulteración de leche, pues aparte de que las derogaciones implícitas no son favorecidas por la ley, la leche, por su naturaleza e importancia como alimento, siempre ha sido objeto de atención especial por parte del legislador.

El hecho de que en la acusación no se mencionase expresamente por su número y título la Ley núm. 77 de 1925, no implica, como indican los apelantes, que el delito imputado estuviese comprendido dentro de la ley general de 1940.

*No habiéndose cometido el único error señalado por los apelantes, procede desestimar el recurso y confirmar la sentencia apelada.*