Benno Stern, Plaintiff, *v.* Martin Bamberger, Defendant.

Supreme Court, Special Term, New York County, July 21, 1945.

*Morris Schaeffer* for defendant.

*Norbert Rothstein* for plaintiff.

Hecht, J. Motion for reargument granted. Defendant had moved to dismiss the complaint on the ground that another action was pending between the same parties. That action had been commenced before a justice of the peace in Yonkers. It was adjourned to allow plaintiff to take the deposition of a witness. The term of office of the justice of the peace before

whom the action was pending, expired before the matter was disposed of and his office was filled by another person. Section 2 of the Justice Court Act (L. 1920, ch. 937) provides that a justice of the peace has jurisdiction expressly conferred on him by statute, and no other. When the term of office of a judicial officer expires, the right to exercise judicial functions ceases (*Matter of Mayor, etc., of New York*, 139 N. Y. 140; *In re Rodding*, 14 N. Y. Civ Pro. Rep. 47), although he may exercise certain ministerial acts specially provided by the statute (*Furanz* v. *Tramontano*, 177 App. Div. 52; Justice Ct. Act, § 439).

The Legislature has provided that in courts of record, an action is not discontinued by vacancies or changes in the judges of the court (Civ. Prac. Act, § 79), and this provision may be traced back to the Revised Statutes (Rev. Stat. of N. Y., part III, ch. III, tit. II, § 2). A similar rule of general application did not exist for courts *not* of record, and in the absence of such protection, causes abated or were discontinued on the expiration of the term of office of the justice of the peace before whom they were pending. To correct this situation, a new section was added to the Code of Civil Procedure in 1880 (L. 1880, ch. 178, § 3150), to provide that if the term of office of the justice of the peace is about to expire before judgment is rendered in an action pending before him, he must make a written order directing that the action be continued before another justice of the same town.

Throop, in his notes to the new Code in his New York Justice's Manual ([10th ed.], p. 133) stated: " New. The necessity of some provision is evident. The continuance of the action or proceeding before another justice is perhaps the simplest way of meeting the case." This section is now section 477 of the Justice Court Act.

The justice of the peace having failed to make the necessary order, as provided, the action has abated and there is no action pending between the parties. On reargument the motion is denied. Settle order.