Janer et al. *v.* El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 105.—Resuelto en enero 16, 1912.

Cancelación de Mención de Gravamen—Mandamiento de Cancelación—Defecto Subsanable.—Los preceptos del número 4 del artículo 104 de la Ley Hipotecaria, que exigen que el asiento de cancelación de toda inscripción, contenga los nombres de los interesados en ésta, no son aplicables al caso en que no existe asiento alguno de inscripción del gravamen que se ordena cancelar, sino solamente una mención en la inscripción de la finca, no constituyendo por lo tanto defecto alguno subsanable, el no expresar el mandamiento de cancelación los nombres de los acreedores a favor de quienes se hizo la mención del gravamen.

Id.—Mención de Gravamen—Manera de Cancelarla—Nota Marginal.—Para hacer la cancelación de una mención de un gravamen hecha en la inscripción de una finca, no es necesario hacer asiento de cancelación, sino sencillamente poner una nota al margen del último asiento de la finca, creditiva de la cancelación, y cuya nota no necesita reunir las circunstancias exigidas para los asientos de cancelación de inscripción.

Id.—Expediente de Liberación—Procedimiento para Cancelar una Mención de un Gravamen.—Para obtener la cancelación de la mención de un gravamen hecha en la inscripción de una finca, no es necesario seguir el procedimiento que para la liberación de los gravámenes existentes regula el título 13 de la Ley Hipotecaria, pues tal caso no es de los taxativamente enumerados en el artículo 347 de dicho título, pudiendo los interesados obtener dicha cancelación por medio de una acción ordinaria.

Id.—Acción Rescisoria—Mención de un Gravamen en una Inscripción.—La mención de un gravamen hecha en la inscripción de una finca a favor de acreedores desconocidos, no constituye una inscripción de una acción rescisoria a

favor de dichos acreedores, y por lo tanto, no cae dentro de los preceptos del párrafo 3°. del artículo 23 de la Ley Hipotecaria.

Los hechos están expresados en la opinión.

Los recurrentes comparecieron en nombre propio.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En los libros del Registro de la Propiedad de Caguas aparece que Doña María Carballo y Gil adquirió e inscribió por título de compra una finca rústica de setenta y siete cuerdas, situada en el barrio de Tomás de Castro, del término municipal de Caguas.

De la inscripción segunda de esa finca al folio 220 vuelto, del tomo diez del ayuntamiento de Caguas, finca número 533, consta que Da. María Carballo falleció el 21 de enero de 1892 bajo las disposiciones contenidas en la cédula testamentaria que luego fué declarada testamento, en la que, después de manifestar que su segundo esposo Don Francisco Osuña había contraído algunas deudas, declaró ser su voluntad que fueran pagadas de los bienes que dejaba, e instituyó por sus herederos a dos hermanos suyos en una mitad y a su esposo en la otra mitad; que practicadas las operaciones particionales de los bienes dejados por esa señora, fué adjudicada a Don Francisco Osuna la finca mencionada en pago de su herencia, quien la inscribió a su nombre a título de herencia sin perjuicio de tercero.

En esta inscripción se hizo constar que la adjudicación se hizo con la condición de quedar el adquirente responsable al pago de las deudas declaradas por la señora Carballo en su cédula testamentaria. Parece que la finca pertenece ahora a los Señores recurrentes, quienes presentaron en el expresado registro un mandamiento, librado por el secretario de la corte municipal de Caguas, en el que se hace constar que en pleito seguido ante dicha corte por Don Julio B. Janer Márquez y su esposa Da. Rosa Vilá Santana contra los acreedores desconocidos de la testamentaría de Doña María Carballo Gil, sobre extinción de deuda y cancelación de gravamen que

aparece mencionado en la inscripción de la finca a que ante.
hemos hecho referencia, la corte dictó sentencia por la que de-
claró que tales acreedores no tienen derecho a reclamar a los
demandantes Don Julio B. Janer Márquez y su esposa Da.
Rosa Vilá Santana el montante de las deudas ascendentes a
cuatrocientos cincuenta dollars, que es el valor de la finca su-
jeta al pago de tales deudas testamentarias, y que esas deu-
das quedaban totalmente extinguidas, así como que por el
registrador de la propiedad se procediera a cancelar tal gra-
vamen que aparece mencionado en sus libros.

La cancelación ordenada y consignada en ese mandamien-
to fué hecha por el registrador, pero consignando defectos
subsanables que aparecen en la nota puesta al pie del manda-
miento, la que lee como sigue:

"Hecha la cancelación a que se refiere el precedente documento al
margen de las inscripciones primeras de las fincas número 1234 y
1235, a los folios 134 vuelto y 140 del tomo 25 de este ayuntamiento,
con el defecto subsanable de ser el mandamiento cancelatorio insufi-
ciente, porque siendo a propósito para el objeto de la cancelación que
se solicita, no es, sin embargo, completo; faltándole el expresar los
nombres de las personas a favor de quienes se gravó dicha finca al ser
adjudicada a Don Francisco Osuna López para pago de las deudas
que tenía, pues, si el número cuatro del artículo 104 de la Ley Hipo-
tecaria exige que la cancelación de toda inscripción ha de contener los
nombres de los interesados en las inscripciones, como interesados en las
mismas, ha de tenerse a los acreedores de Don Francisco Osuna López,
cuyos nombres no se puedan insertar en la inscripción por no resultar
del documento cancelatorio, luego éste es insuficiente y adolece, según
el artículo 149 del Reglamento para la ejecución de la Ley Hipotecaria
del expresado defecto subsanable. Ahora bien, si no pudieran deter-
minarse los nombres de dichos acreedores y como éstos, lo que tienen
inscrito a su favor es una acción rescisoria cuya causa explícita consta
del mismo registro, según el párrafo tercero del artículo 23 de la Ley
Hipotecaria, el dueño de dicha finca podrá liberarla de la expresada
acción rescisoria, siempre que ésta estuviere extinguida con arreglo a
lo que en el artículo 347, número 4 de dicha ley, se establece. Caguas,
junio 7 de 1911.''

Contra esta nota han interpuesto Don Julio B. Janer y su esposa el presente recurso gubernativo en solicitud de que se revoque la consignación de los defectos subsanables expresados.

El primer defecto consignado por el registrador es que el mandamiento no expresa los nombres de las personas a cuyo favor se gravó la finca, lo que entiende ser necesario para que el mandamiento sea completo.

Si bien es cierto que el No. 4 del artículo 104 de la Ley Hipotecaria exige que el asiento de cancelación de toda inscripción contenga los nombres de los interesados en ésta y por ello debe expresarlos el documento que sirva para la cancelación, sin embargo, como en el presente caso no existe asiento alguno de inscripción del gravamen que se ordena cancelar, sino solamente una mención en la inscripción de la finca, no es necesario para cancelarla hacer asiento de cancelación sino sencillamente poner una nota al margen del último asiento de la finca, creditiva de la cancelación, nota que no necesita reunir las circunstancias exigidas para los asientos de cancelación de inscripción, por lo que fué improcedente consignar el defecto subsanable referido. (Véase la resolución de la Dirección General de los Registros, de 5 de noviembre de 1883, y la R. O. de 12 de abril de 1884.)

En cuanto al segundo defecto consignado por el registrador, no puede éste insistir en que tales acreedores tienen inscrita una acción rescisoria que sólo pueda extinguirse por expediente de liberación, ya que en 9 de marzo del año último, resolviendo un recurso originado por la cancelación de esa misma mención, dijimos lo siguiente:

"No vemos que para obtener la cancelación intentada sea necesario seguir el procedimiento que para la liberación de los gravámenes existentes regula el título 13 de la Ley Hipotecaria, pues el presente caso no es de los que taxativamente enumera el artículo 347 de dicho título, pudiendo los interesados hacer uso de su derecho por los trámites ordinarios en el juicio que corresponda y ante la corte que sea competente.

"En ese juicio podrán ser atinentes las alegaciones hechas para sostener el recurso.

"En apoyo de nuestra opinión, vienen las resoluciones de la Dirección General de los Registros de España de 16 de abril de 1878, 10 de octubre de 1879 y 16 de diciembre de 1889."

Por las razones expuestas, debe revocarse la nota del Registrador de la Propiedad de Caguas en cuanto consigna los citados dos defectos subsanables al hacer la cancelación del gravamen a que se refiere el presente recurso.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, Wolf y del Toro.