DEL MORAL, RECURRENTE, *v.* EL REGISTRADOR DE LA PROPIEDAD, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., denegando la cancelación de un censo.

No. 178.—Resuelto en mayo 7, 1914.

CENSOS—CANCELACIÓN DE UN CENSO MENCIONADO EN UNA INSCRIPCIÓN—FALTA DE ASIENTO DE INSCRIPCIÓN DE UN CENSO.—El hecho de que no exista en el registro un asiento de inscripción del censo que se cancela, no es obstáculo para que la mención que de él se hizo en la inscripción primera de la finca pueda ser cancelada por medio de nota al margen del último asiento de la finca.

ID.—CANCELACIÓN DE UNA CAPELLANÍA—OBISPO CATÓLICO DE PUERTO RICO—FALTA DE CONSTANCIA EN EL REGISTRO DE LA PERSONA A FAVOR DE QUIEN SE CONSTITUYÓ.—El hecho de no constar en el registro el nombre de la persona a favor de quien está constituída una capellanía o censo no es obstáculo

para que se cancele la mención de dicho censo hecha en la inscripción primera de la finca, en virtud de escritura de cancelación otorgada por el Obispo Católico de Puerto Rico, único que como representante de la Iglesia Católica puede consentir en dicha cancelación.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José E. Benedicto.*

El Registrador Sr. José S. Belaval no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En escritura pública de 28 de agosto de 1913 Monseñor William A. Jones, Obispo de la Iglesia Católica, Apostólica y Romana en esta Isla, expuso que Don Carlos Chipinan Pineo, como apoderado de Don Francisco Salvy, vendió a Doña Carmen del Moral y Freyre la casa No. 90 de la calle del Sol de esta ciudad de San Juan, respecto de la cual se hizo constar en la sección de cargas de la inscripción primera en el registro de la propiedad, que en el título que se presentaba para verificarla, se expresa hallarse afecta a una capellanía por ciento veinticinco pesos sin contar intereses, no inscrita con anterioridad de una manera conocida a favor de nadie: que en la inscripción duodécima, por la que Don Antonio Salvy adquiere ese inmueble, se hizo constar que reservaba en su poder ciento dieciocho pesos setenta y cinco centavos como importe del censo o capellanía a favor del presbítero Don Pedro Ma. Berríos, que grava dicha finca y resulta de la inscripción primera referida, por lo que apareciendo de los antecedentes que obran en el Obispado que el censo mencionado fué constituído en escritura pública de 20 de agosto de 1788 y teniendo en cuenta que el Sr. Carlos Chipinan Pineo se obligó en la escritura al principio mencionada a obtener la cancelación de tal censo, a cuyo efecto le ha entregado la suma de ciento veinte y un pesos ochenta y siete centavos, por el importe de dicho censo y sus intereses, le otorga carta de pago, lo cancela totalmente y presta su consentimiento para que la cancelación se haga constar en el registro de la propiedad.

Presentado ese documento en dicha oficina fué negada la cancelación por el fundamento que aparece de la nota puesta a su pie, la que dice así:

"No admitida la cancelación a que se refiere el anterior documento, por no estar inscrito el censo que se cancela, pues si bien en la inscripción primera relativa a la casa número 90 de la Calle del Sol de esta Capital, finca número 485, folio 149 del tomo 11°., de San Juan, se menciona una capellanía por ciento veinte y cinco pesos, no se expresa a favor de quién. No se extiende anotación preventiva. San Juan, octubre 7 de 1913."

La apelación interpuesta por Doña Carmen del Moral y Freyre contra esa nota es la que motiva el presente recurso gubernativo.

El registrador recurrido no ha presentado alegato alguno en apoyo de su resolución, y aunque ésta nos parece algo confusa sólo puede interpretarse, o en el sentido de que se niega la cancelación del censo por no estar éste inscrito en el registro, o en el sentido de que se niega la cancelación por no expresarse a favor de quién está constituída la capellanía.

El hecho de que no exista en el registro un asiento de inscripción del censo que se cancela no es obstáculo para que la mención que de él se hizo en la inscripción primera de la finca pueda ser cancelada, pues si bien con arreglo a los preceptos que informan la ley hipotecaria no es posible cancelar los censos no inscritos, es evidente que si éstos aparecen mencionados procede que se haga constar su extinción cuando se acredita en documento fehaciente, ya que según el artículo 29 de la ley la mención de los derechos reales surte efecto contra tercero, aunque no conste su inscripción especial y separada, pudiendo hacerse constar su extinción por medio de nota al margen del último asiento de la finca. *Janer* v. *El Registrador de la Propiedad,* 18 D. P. R., 10. Resoluciones de los Registros de España de 18 de marzo de 1865; 5 de noviembre de 1883 y 31 de octubre de 1884.

Tampoco es obstáculo para la cancelación solicitada el hecho de no constar en el registro a favor de quién está cons-

tituída la capellanía. Es un hecho la mención de la misma en el registro y como la capellanía lleva aneja una carga espiritual de celebrar o mandar celebrar anualmente una o más misas a modo de gravamen sobre el disfrute del capital en que consiste, carga que sólo pueden levantar ministros de la Iglesia Católica, Apostólica Romana, es claro que únicamente al representante de dicha iglesia en Puerto Rico, o sea el Obispo, Monseñor Jones, otorgante del documento de que se trata, incumbe recibir el capital, extinguiendo así la carga, siendo indiferente que se exprese o nó a favor de quién está constituída la capellanía. *Jones, Obispo Católico de Puerto Rico,* v. *El Registrador de la Propiedad,* 17 D. P. R., 224; *Román* v. *El Registrador de la Propiedad,* 17 D. P. R., 321; *Marrero* v. *Skerret et al.,* 17 D. P. R., 568.

Debe revocarse la nota recurrida y ordenarse al registrador proceda de acuerdo con esta opinión.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.