GUADALUPE GUERRA Y EULALIA TAPIA, peticionarias y apeladas, *v.* AGUSTÍN HERNÁNDEZ MENA y SILVERIO YRACE, demandados y apelante el primero.

No. 4221.—*Visto:* Mayo 17, 1927. *Resuelto:* Julio 7, 1927.

1. INJUNCTION—INJUNCTIONS PRELIMINARES E INTERLOCUTORIOS—CONTINUACIÓN, MODIFICACIÓN, ANULACIÓN O DISOLUCIÓN—SOLICITUD PARA DECLARAR EXPIRADA UNA ORDEN DE INJUNCTION.—La regla 16 de las cortes de distrito no ha sido modificada o reemplazada por la Ley de *Injunctions* de 1906 al extremo de que no pueda ser invocada por un demandado que jamás ha sido notificado con copia de la petición o con los documentos en que se basó la solicitud para un *injunction* preliminar.

2. ESTATUTOS—DEROGACIÓN, SUSPENSIÓN, EXPIRACIÓN Y RESTABLECIMIENTO *(Revival)*—REVOCACIONES IMPLÍCITAS—POR ESTATUTOS QUE SE REFIEREN A LA MISMA MATERIA—EN GENERAL.—Las revocaciones implícitas no son favorecidas por la ley.

RESOLUCIÓN de *Pablo Berga,* J. (San Juan), declarando sin lugar moción solicitando se declarara expirada una orden de *injunction* preliminar, de acuerdo con la Regla 16 de las cortes de distrito. *Revocada.*

*Angel A. Vázquez,* abogado del apelante; *Luis S. Vahamonde,* abogado de las apeladas.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

[1, 2] El 13 de octubre de 1926, y en cumplimiento de

una solicitud para que se expidiera un auto de *injunction*
archivada conjuntamente con una demanda de tercería, la
corte de distrito ordenó que el márshal suspendiera la
venta de cierta propiedad que había sido anunciada para
el 15 de octubre de ese año, y que se abstuviera de vender
la referida propiedad y de realizar acto alguno tendente a
privar a las peticionarias de su posesión de la propiedad
ínterin se determinara la cuestión de título.

El 7 de marzo, 1927, uno de los demandados en el pro-
cedimiento de tercería solicitó que se declarara expirada
la orden de *injunction* preliminar debido a que los peticio-
narios dejaron de cumplir con una regla de la corte de dis-
trito que lee como sigue:

"Regla 16.   Cuando se dicte una orden concediendo un *injunc-
tion* preliminar o interdicto prohibitorio (*restraining order*) o para
el nombramiento de un síndico, en una solicitud ex-parte ante el
Juez fuera de estrados, tal orden expirará a los diez días de haber
sido dictada a menos que antes de transcurrir dichos diez días, la
parte promovente entregue a la parte contraria una copia de los do-
cumentos sobre los cuales dicha orden ex-parte fué dictada, junto
con una notificación específica que en el tiempo en ella mencionado
se hará una solicitud a la Corte, o al Juez fuera de estrados, para
la continuación de dicha orden basada la expresada solicitud en los
documentos así notificados a la otra parte y entregados al Secreta-
rio en el caso.   Y la parte contraria tendrá un tiempo razonable,
que no excederá de diez días, después que se le haga la notificación,
para preparar su oposición a la moción pidiendo la continuación de
dicha orden."

El juez inferior declaró sin lugar esta moción por la
teoría de que la regla 16 adoptada en 1904 había sido mo-
dificada por "Una ley para definir los '*injunctions*,' para
determinar cuándo pueden librarse," etc., aprobada con fe-
cha 8 de marzo de 1906.

Las secciones 5 y 10 de esa ley en lo pertinente leen
como sigue:

"Sección 5.   Podrá otorgarse un injunction en cualquier tiempo
antes de haberse dictado sentencia, mediante petición o declaración

juradas, siempre que aquélla o ésta, en su respectivo caso, demostraren satisfactoriamente que existen motivos suficientes para concederlo. Una copia de la petición o de la declaración juradas en cuya virtud se concediere el *injunction,* deberá presentarse junto con éste al requerido, si no se hubiere hecho antes. Ningún *injunction* otorgado con anterioridad al juicio, continuará en vigor por más de doce meses después de presentada la contestación.''

''Sección 10. Si se concediere un *injunction* sin haber mediado notificación a la persona requerida, podrá ésta, previo oportuno aviso a la otra parte, pedir que se revoque o modifique al juez que lo hubiere concedido, o al tribunal en que se hubiere incoado la acción. . .''

Estas dos disposiciones prevén y presuponen la notificación de ''una copia de la petición o de la declaración jurada en cuya virtud se concediera el injunction . . .'' junto con el auto, a menos que no se hubiera hecho previamente, y hasta este límite, para los fines de esta opinión, puede admitirse, sin que lo resolvamos, que la regla 16 ha sido reemplazada por el estatuto. No hay incompatibilidad entre la regla de que un *injunction* preliminar o un interdicto expirarán dentro de los diez días de haber sido expedidos sin ser notificados a la parte contraria, a menos que se radique una moción para que los mismos continúen en vigor o de que exista una disposición estatutoria de que de ningún modo continuará en vigor tal orden por más de doce meses después de la radicación de una contestación. Ni necesariamente hay incongruencia alguna entre tal regla y la disposición estatutoria al efecto de que en todos los casos en que se ha expedido un *injunction* sin notificación a la parte contraria, un demandado puede solicitar de la corte que lo modifique o lo anule. Como cuestión de hecho, la sección 13 de la ley en vigor al tiempo de la adopción de la regla invocada por el apelante, es substancialmente idéntica a la sección 10 de la ley de 1906 en lo concerniente al punto que está ahora bajo nuestra consideración.

En el presente caso se admite que no se notificó al de-

mandado Hernández Mena bien al tiempo en que se expidió el auto o antes, o durante los cuatro meses que transcurrieron entre la fecha de la orden y la radicación de la moción que dió lugar a la resolución que estamos ahora considerando.

Las revocaciones implícitas no son favorecidas por la ley y no estamos preparados para decir que la regla 16 ha sido modificada o reemplazada al extremo de que no pueda ser invocada por un demandado que jamás ha sido notificado con copia de la petición o con los documentos en que se basó la solicitud para un *injunction* preliminar.

*Debe revocarse la resolución apelada.*