PEDRO CARLO RODRÍGUEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 777.—*Sometido:* Julio 18, 1929. *Resuelto:* Julio 23, 1929.

*E. Báez García,* abogado del recurrente; el registrador recurrido, compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El recurrente en este caso presentó en el Registro de la Propiedad de Mayagüez un documento público para que el registrador cancelase por notas marginales dos menciones de hipoteca, y entregó en sellos de rentas internas $2, de ellos $0.50 para cada una de las dos notas marginales; pero el registrador devolvió el documento sin hacer operación alguna porque entiende que deben pagarse $2 por cada nota marginal de cancelación, que el recurrente se negó a entregar.

La diferencia en este caso es que el registrador entiende que el cobro de las notas marginales de cancelación de las menciones de hipoteca está regulado por el arancel No. 3 de la Ley No. 32 de 30 de noviembre de 1917 enmendando la sección 92 de la ley asignando sueldos a los registradores y para otros fines de 10 de marzo de 1904, mientras que el recurrente entiende que el arancel No. 4 de dicha ley es el que debe ser aplicado.

Desde luego que estando solamente mencionadas las hipotecas que se cancelan debe hacerse su cancelación en el registro por notas marginales. *Janer* v. *Registrador,* 18 D.P.R. 7 y *Del Moral* v. *Registrador,* 20 D.P.R. 416.

Dispone el arancel No. 3 que por todas las operaciones, sea cualquiera su forma, que a instancia de parte deban verificarse para la cancelación o redención de hipotecas, censos o derechos reales, etc., se devengarán los derechos que menciona, siendo el mínimo de $2. Y el arancel No. 4, titulado notas especiales, inscripciones y anotaciones, dice que cuando por consecuencia de la presentación no deba verificarse inscripción ni anotación y sí extender notas marginales se cobrará por cada una de ellas $0.50.

Opinamos que el registrador tiene razón porque el arancel No. 3 se refiere particular y expresamente a cancelaciones de hipotecas, cualquiera que sea la forma en que se haga la operación en el registro, mientras que el arancel No. 4 no se refiere a notas marginales para cancelación de hipotecas sino a notas marginales en general. Una disposición particular tiene preferencia sobre otra de carácter general. Los señores Galindo y Escosura en su obra sobre legislación hipotecaria, cuarta edición, tomo 4, página 737 dicen refiriéndose a los aranceles Nos. 5 y 6 de España, que equivalen a los Nos. 3 y 4 de nuestra ley, que dicho arancel No. 6 es aplicable siempre que el registrador tenga que extender una nota marginal que no sea de cancelación, y de igual parecer es Morell en el tomo 5, página 300.

*La nota recurrida debe ser confirmada.*