FERNANDO SIERRA BERDECÍA, SECRETARIO DEL TRABAJO DE PUERTO RICO, en representación y para beneficio del obrero MARIANO RIVERA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE ARECIBO, HON. RAMÓN CANCIO, JUEZ, demandado.

Número 2043
*Sometido:* 2 de noviembre de 1953. *Resuelto:* 18 de enero de 1954.

*Joaquín Gallart Mendía* y *Guillermo Estrella Frasqueri,* abogados del Departamento del Trabajo y a su vez del peticionario; *Luis Pérez Matos,* abogado del interventor, demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En pleito sobre reclamación de salarios, instado por el Secretario del Trabajo en representación y para beneficio de un obrero, de conformidad con la Ley 10 de 14 de noviembre de 1917 (Vol. II, pág. 217), el Tribunal de Distrito de Puerto Rico, Sala de Utuado dictó sentencia en 1ro. de junio de 1953 condenando al querellado a pagar al querellante las sumas por éste reclamadas. Copia de la notificación de la sentencia fué archivada en autos el mismo día. El 10 de junio siguiente el querellado apeló. El querellante solicitó la desestimación por haberse interpuesto la apelación fuera de término. El Tribunal Superior de Puerto Rico, Sala de Arecibo, declaró sin lugar dicha moción fundado en que si bien de acuerdo con la citada ley el término para apelar lo era el de cinco días, contado a partir del archivo en autos de la notificación de la sentencia a la parte perdidosa, sin embargo a su juicio dicho término fué ampliado por las reglas que gobiernan las apelaciones del Tribunal de Distrito al Tribunal Superior, vigentes desde el 15 de octubre de 1952. Solicitada reconsideración por el querellante, el Tribunal Superior se ratificó en su criterio. A instancias del Secretario del Trabajo expedimos un auto de *certiorari.*

Las citadas reglas disponen en lo pertinente:

"3. Cuando un Juez de Distrito dictare sentencia final, cualquiera de las partes que se creyere perjudicada podrá interponer recurso de apelación para ante la sala del actual Tribunal Superior que ha sucedido a la sección del anterior Tribunal de Distrito de Puerto Rico para la cual se apelaban las sentencias de las distintas secciones del anterior Tribunal Municipal de Puerto Rico . . .

". . . . . . . . .

"5. Se formalizará la apelación radicando el escrito con el secretario de la sala en que se celebró la vista, previa notificación del mismo al abogado de récord de la parte contraria, o a la parte misma, de no tenerlo, dentro de los diez (10) días siguientes al del archivo en autos por dicho secretario de la notificación de la sentencia, de acuerdo con la ley.  Si el escrito de apelación no se radicare dentro del indicado término de diez (10) días, la apelación será desestimada por el juez correspondiente del Tribunal Superior."

Las anteriores reglas son disposiciones de carácter general, aplicables a casos corrientes u ordinarios de naturaleza civil.  Sin embargo, un pleito sobre reclamación de salarios, iniciado de conformidad con la Ley 10 de 1917, supra, si bien es uno de naturaleza civil, no es un pleito ordinario, sino uno de carácter especial.  Así lo demuestra la gran mayoría de las disposiciones de esa ley.  Pasaremos a reseñarlas en seguida:

"Sección 1.—Según fué enmendada por la Ley 150 de 1950, pág. 407—Siempre que un obrero . . . tuviere que reclamar de su patrono cualquier . . . suma por concepto de compensación por trabajo o labor realizados para dicho patrono, . . . podrá comparecer ante la corte municipal del distrito judicial (hoy día Tribunal de Distrito) (1) en que realizó el trabajo o en que resida . . . y formular contra el patrono una querella que extenderá o llenará . . . el juez o el secretario de la corte . . .

"Cuando la parte querellante . . . sea una mujer casada, podrá establecerse la reclamación judicial sin que tenga esa parte que comparecer . . . asistida de su marido.

"Podrán acumularse en una misma querella las reclamaciones de todos los obreros y empleados de un mismo patrono que hu-

---

(1) Véase la Ley 11 de 24 de julio de 1952, sesión extraordinaria, pág. 31.

bieren dejado de percibir sus derechos, beneficios o salarios devengados en una obra común; . . .

"   .    .    .    .    .    .    .    .

"Contra las sentencias dictadas por la Corte de Distrito (hoy día Tribunal Superior), en casos de jurisdicción original, podrá establecerse apelación para ante el Tribunal Supremo dentro de los cinco días de notificada la sentencia.

"Será deber del secretario elevar al Tribunal Supremo los autos originales del caso conjuntamente con la transcripción de evidencia debidamente certificada por el juez de distrito (superior)."

"Sección 2.—Según fué enmendada por la citada Ley de 1950—El juez dictará una orden para que se notifique a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito . . . dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial . . . y dentro de quince (15) días en los demás casos, y apercibiéndole además que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle . . .

"El márshal o una persona particular diligenciará la orden del juez. Si no se encontrare al querellado, se diligenciará la orden en la persona que en cualquier forma represente dicho querellado en la fábrica . . . o sitio en que se realizó el trabajo que dió origen a la reclamación. Si el querellado residiera fuera de Puerto Rico, se hará una citación por edictos . . . debiendo el querellado radicar su contestación dentro de los quince (15) días siguientes a la publicación del último edicto."

"Sección 3.—Según fué enmendada por la Ley 182 de 1948, pág. 471—Si el querellado radicare su contestación . . . el juicio se celebrará sin sujeción a calendario . . .

"   .    .    .    .    .    .    .    .

"Si el querellado no radicara su contestación . . . el juez dictará sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado . . . *el querellado podrá acudir de la Corte Municipal al Tribunal de Distrito correspondiente, o* del Tribunal de Distrito . . . al Tribunal Supremo *dentro de los 5 días siguientes a la notificación de la sentencia . . .*" (Bastardillas nuestras.)

"Sección 4.—Según fué enmendada por la Ley 17 de 1945, pág. 45—El Secretario de la Corte notificará por correo, con

copia de la querella y de la orden de señalamiento del juicio, al Comisionado del Trabajo (hoy día Secretario de Trabajo), quien podrá intervenir en el procedimiento por conducto de cualquiera de los abogados o agentes del Departamento del Trabajo."

"Sección 5.—Según fué enmendada por la Ley 182 de 1948, pág. 471— . . . Si compareciere sólo el querellado, la corte desestimará la reclamación . . . *la parte perjudicada podrá acudir de la Corte Municipal al Tribunal de Distrito, . . . o del Tribunal de Distrito . . . al Tribunal Supremo, dentro de los 5 días siguientes a la notificación de la sentencia . . ."* (Bastardillas nuestras.)

"Sección 6.—Según fué enmendada por la Ley de 1945, supra—Antes de empezar a practicar la prueba, la corte resolverá todas las cuestiones de derecho que le fueren sometidas; . . .

"No se desestimará ninguna querella por defecto de forma únicamente."

"Sección 7.—Según fué enmendada por la Ley de 1945, supra—Dentro de las veinticuatro (24) horas de celebrado el juicio, el juez dictará sentencia declarando con o sin lugar la reclamación."

"Sección 8.—Según fué enmendada por la Ley 40 de 1935, pág. 239—Cualquiera de las partes que se creyera perjudicada por la sentencia, podrá interponer recurso de apelación para ante la Corte de Distrito . . .

*"La apelación quedará formalizada presentando al Secretario de la Corte Municipal, dentro de los 5 días de notificada la sentencia, un escrito en el que se manifieste la intención de apelar. . . .* (Bastardillas nuestras.)

"Sección 9.—Según fué enmendada por la Ley de 1935, supra —Dentro de los cinco días siguientes a la fecha en que fuera presentado el escrito de apelación, el secretario remitirá a la Corte de Distrito *correspondiente los autos originales del caso.*

"Sección 10.—Según fué enmendada por la Ley 13 de 1932, pág. 217—Al ser recibida dichas diligencias por el Secretario de la Corte de Distrito, éste dará conocimiento al Juez, quien señalará, fuera de calendario, un día dentro de los diez primeros en que se hayan elevado los autos para la vista, debiendo tal señalamiento notificarse por correo al *Comisionado del Trabajo.*

"Sección 11.— . . . cuando el apelante fuere el querellado y la Corte, . . . quedare convencida de que dicha apelación fué únicamente interpuesta con el propósito de demorar el cumplimiento de la sentencia, tendrá facultad para condenar a dicho querellado

a pagar al querellante, por concepto de indemnización o castigo, una suma que no exceda de cien ($100) dólares."

"Sección 12.—Según fué enmendada por la Ley de 1945, supra—En ningún caso se dará más de una apelación en los juicios sobre reclamación de salarios agrícolas.

".    .    .    .    .    .    .    .

"Sección 13.—La sentencia que declare con lugar la reclamación ordenará el pago para dentro de los cinco días siguientes a la fecha en que dicha sentencia sea firme.  . . ."

"Sección 14.—Según fué enmendada por la Ley de 1945, supra—Todas las costas . . . serán satisfechas de oficio.

"En todos los casos en que se dictare sentencia en favor de la parte querellante, si ésta compareciere representada por abogado particular, se condenará al querellado al pago de honorarios de abogado."

Todas y cada una de las secciones anteriormente transcritas de la citada Ley 10 contienen disposiciones distintas, en una u otra forma, a los estatutos que rigen las acciones civiles corrientes.  Es innegable, por tanto, que la ameritada Ley 10 de 1917, es un estatuto especial y específico en materia de reclamación de salarios.

Es por demás sabido que en materias que se rigen por leyes especiales, las deficiencias de éstas se suplirán por las disposiciones de las leyes generales que les sean aplicables. Véanse artículo 12 del Código Civil, edición 1930; *Wood* v. *Tribl. Contribuciones*, 71 D.P.R. 233.  La ley especial que rige la materia, en cuanto al punto que nos concierne, no tiene deficiencias de clase alguna.  En su consecuencia, no hay que suplirlas.  Por el contrario, si se examinan las secciones 3, 5 y 8 antes copiadas se verá que reiteradamente se dice en ellas que el término para apelar del antiguo Tribunal Municipal al extinto Tribunal de Distrito lo es el de cinco días, desde que se archiva en autos la notificación de la sentencia.

Es asimismo conocido el principio de que una ley especial sobre determinada materia debe prevalecer sobre cualquier otro precepto aplicable de carácter general.  La jurisprudencia de este propio Tribunal a este respecto es abundante.

Bastará con citar tan sólo algunas de las muchas decisiones en que se establece el precepto. *París* v. *Canety*, 73 D.P.R. 403; *Abella* v. *Piñero, Gobernador*, 66 D.P.R. 690; *Pueblo ex rel. López* v. *Pérez Peña*, 54 D.P.R. 804; *Pueblo* v. *Buscaglia*, 54 D.P.R. 939; *Ex parte Ramos*, 53 D.P.R. 374—en el cual se hace un estudio minucioso de la cuestión—*National Liquor Co., Inc.* v. *Sancho Bonet, Tes.*, 49 D.P.R. 582; (*Carlo*) *Rodríguez* v. *Registrador*, 40 D.P.R. 25.

En las reglas que gobiernan las apelaciones del Tribunal de Distrito al Superior nada hay que indique que se derogan de manera expresa las disposiciones taxativas de la Ley 10 de 1917 que fijan un término de cinco días para apelar de las sentencias dictadas por el antiguo Tribunal Municipal en esta clase de casos. Una ley general no deroga una especial, a menos que tal derogación se consigne expresamente. *Pueblo* v. *Nieto*, 64 D.P.R. 882. *Cf. Guerra* v. *Hernández Mena*, 37 D.P.R. 102. Aquí no ha habido tal derogación expresa. La ley especial debe por tanto prevalecer. *Cf. Fog* v. *Corte*, 65 D.P.R. 161.

Habiéndose interpuesto la apelación a los nueve días de archivada en autos la notificación de la sentencia dictada en el caso, la misma debió ser desestimada.

*Se anulará la resolución recurrida y se desestimará la apelación interpuesta por el demandado en la acción principal.*