Ex parte Héctor Ramos Mimoso, peticionario.

*Resuelto:* Junio 24, 1938.

El peticionario compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El peticionario solicita ser admitido sin examen al ejercicio de la abogacía en los tribunales de esta Isla. Alega en su solicitud que obtuvo en 15 de junio de 1938 un diploma de *attorney at law* que le confirió la Universidad de Puerto Rico, y "que de acuerdo con el párrafo segundo de la sección tercera de la Ley número 38 de 1916 (pág. 92), según fué enmendada por la Ley número 91 de 1925 (pág. 681), el diploma de *abogado* expedido al peticionario equivale a todos los efectos legales al de *bachiller en leyes* librado por la Universidad de Puerto Rico." De donde concluye por inferencia, pues no lo alega, que no estando obligadas las personas que obtengan el grado de bachiller en leyes a tomar los exámenes de reválida que prescribe la ley, tampoco lo están los que obtengan el diploma de abogado (*attorney at law*) y por consiguiente, tampoco lo está él.

La sección 2 de la ley determinando reglas para el ejercicio de la profesión de abogado en Puerto Rico, tal como quedó enmendada por la número 1, de 21 de marzo de 1933,

Leyes de ese año, página 183, dispone en lo que es pertinente para resolver este caso, que:

"Todos los que no hayan sido admitidos anteriormente al ejercicio de la abogacía en esta Isla, de conformidad con lo prescrito en la sección 1 de esta Ley, pero que hayan obtenido un diploma de abogado en cualquier universidad o escuela acreditada, nacional o extranjera, serán admitidos ante las cortes de justicia de Puerto Rico, previo el cumplimiento de los siguientes requisitos si probaren a satisfacción del examinador que son ciudadanos de Estados Unidos de América:

"1.    *        *        *        *        *        *        *

"2. Sufrir ante la Corte Suprema de Puerto Rico o ante el tribunal de exámenes que, de acuerdo con esta Ley, ella designe, un examen oral general de todas las materias especificadas en la sección 3 de la misma, por el orden en que allí se consignan; *Disponiéndose, sin embargo, que las personas que obtengan el grado académico de Bachiller en Leyes de la facultad de derecho de la Universidad de Puerto Rico,* a partir del curso escolar correspondiente al año 1932-33, éste inclusive, *no estarán obligadas a sufrir el examen* que prescribe este inciso para ejercer dicha profesión, y tendrán derecho a que el Tribunal Supremo de Puerto Rico les expida la licencia para el ejercicio de la abogacía mediante solicitud, *previa presentación del título* que les haya expedido la Universidad de Puerto Rico, *creditivo de haber obtenido el grado académico de Bachiller en Leyes.''* (Bastardillas nuestras.)

La sección tercera de esa misma ley dice en lo pertinente así:

"Sección 3.—Cualquier persona que no haya sido admitida anteriormente al ejercicio de la abogacía o con derecho a serlo con posterioridad, de acuerdo con lo prescrito en la sección primera de esta Ley, *y que no haya obtenido un diploma de abogado según lo que se establece en la sección 2 de esta Ley, podrá obtener dicho diploma en la Universidad de Puerto Rico y ser admitida al examen dispuesto en la referida sección,* siempre que hubiere cumplido previamente con los requisitos establecidos por la Junta de Síndicos de la Universidad de Puerto Rico, como condición para poder ingresar como estudiante de derecho en el Colegio de Leyes de dicha Universidad, y hubiere aprobado el mismo examen de todas las asignaturas exigidas por ésta, a sus estudiantes regulares para obtener el diploma de Bachiller en Leyes; . . . .

"*El diploma de abogado* que se expidiere de acuerdo con esta sección, *equivaldrá a todos los efectos legales al de Bachiller en Leyes* que expide la Universidad, siempre que el alumno hubiere asistido durante un curso completo a las clases regulares de la Universidad, de seis asignaturas por lo menos, de las comprendidas en el *curriculum* del Colegio de Leyes; . . ." (Bastardillas nuestras.)

El último párrafo de esta sección equipara, en términos generales, el grado de Bachiller en Leyes con el Diploma de Abogado que la Universidad de Puerto Rico confiere respectivamente a sus estudiantes regulares y de curso libre. No obstante, el privilegio de no sufrir el examen de reválida prescrito, que la sección segunda de la ley establece específicamente a favor de aquellas personas que obtienen el grado académico de Bachiller en Leyes, se lo niega en términos claros y precisos el primer párrafo de la sección tercera, a las que reciben el Diploma de Abogado. Con respecto a éstas, declara el estatuto (véase supra) que podrán "obtener dicho diploma en la Universidad de Puerto Rico *y ser admitida(s) al examen dispuesto*" en la sección dos. Ante una disposición tan categórica no hay base para inferir del último párrafo de la sección tercera, que el legislador quiso, al igualar en todos sus efectos legales el Diploma de Abogado al de Bachiller en Leyes, dispensar a los que obtienen el primero el privilegio de exención que le otorgó a los que reciben el segundo. [3] En hermenéutica, el género cede ante la especie; lo general ante lo específico. Así, la disposición general y vasta del estatuto, que quebranta lo que específicamente trata y regula otro precepto de ese mismo estatuto, cede y da paso al último, como expresión de la verdadera voluntad e intención del legislador.

"Un análisis magistral de las decisiones de los tribunales de los Estados Unidos pertinentes al asunto que ahora nos ocupa, podrá encontrarse en el artículo monográfico sobre 'Statutes and Statutory Construction' (Leyes y Hermenéutica Legal), escrito por Chas. C. Moore, a modo de prólogo como introducción general a las Leyes Federales Anotadas. . .

"Y, hablando con referencia al principio según el cual se declara que las disposiciones de carácter especial deben predominar sobre las de carácter general de la misma ley, o de leyes posteriores, el autor dice: 'Es principio antiguo y familiar,' dijo el Magistrado Sr. Lamar, 'el de que, cuando en la misma ley hay una disposición de carácter particular, y otra de carácter general, que en su sentido más amplio abarcaría lo que la primera comprende, debe regir la disposición particular, y declararse que la general sólo afecta a aquellos casos comprendidos en su significación general en cuanto no caen dentro de lo dispuesto en la disposición de carácter particular.'" *Lichauco & Co.* v. *Apóstol,* Jurisprudencia Filipina, tomo 44, pág. 155.

". . . Disposiciones especiales sobre determinada materia anterior deberán regir en lo que a dicha materia se refiere sobre cualesquiera disposiciones generales que figuren en otra parte de la ley y que de lo contrario serían suficientemente amplias para incluirlas." *University of Utah* v. *Richards,* 77 Am. St. Rep. 928, 930.

" 'Cuando hay dos leyes o disposiciones, de las cuales una es especial y particular e incluye ciertamente la materia en controversia, y la otra tan general que de subsistir sola, incluiría la misma materia, y vendría en conflicto con la ley o disposición especial, debe entenderse que la especial constituye una excepción a la ley o disposición general, especialmente cuando la ley general y la especial son contemporáneas, pues no se presume que la Asamblea Legislativa intentó crear un conflicto.' Black 'on Interpretation of Laws,' 116." *Crane* v. *Reeder,* 22 Mich. 322.

"Las disposiciones generales y especiales de un estatuto deben subsistir juntas si es posible, pero cuando frases y expresiones generales en una parte del estatuto son inconsistentes con disposiciones más específicas y particulares contenidas en otra parte, las particulares deben regir, a menos que el estatuto en general demuestre claramente una intención contraria, y deben dársele efecto a pesar de que la disposición de carácter general sea lo suficientemente amplia para incluir la materia a que se refiere la especial. 59 C. J. pág. 1000. (Citas de 36 Estados y de la Corte Suprema de Estados Unidos.)

En conclusión, puede afirmarse de lo que precede, que por imperativo precepto de la sección 3 de la Ley núm. 38 de 1916 las personas que reciben de la Universidad de Puerto Rico un Diploma de Abogado, vienen obligadas a tomar el examen de reválida a que se refiere la sección 2 de la misma ley. Asimismo puede afirmarse que el último párrafo de

la sección 3, en que el peticionario funda su derecho a ser admitido al ejercicio de la abogacía en esta Isla, por ser un precepto general, no tiene el efecto de anular el más especí-fico contenido en el primer párrafo.

Existe además otra razón que milita contra las pre-tensiones del peticionario, y es que el privilegio de no sufrir el examen de reválida, contenido en la sección 2, lo concede la ley sola, exclusiva, específica y terminantemente a los que obtuvieren de la Universidad de Puerto Rico el grado acadé-mico de Bachiller en Leyes.

"... *Disponiéndose, sin embargo,* que las personas que obtengan *el grado académico de Bachiller en Leyes* ... no estarán obligadas a sufrir el examen ... y tendrán derecho a que el Tribunal Su-premo ... les expida la licencia ... previa presentación del tí-tulo ... acreditativo de haber obtenido el *grado académico de Ba-chiller en Leyes.*"

Para desvanecer cualquier duda posible en cuanto a las personas con derecho al privilegio, después de decir al prin-cipio que lo tendrán las que obtengan el grado académico de Bachiller en Leyes, termina reiterando que el título acredi-tará el grado académico de Bachiller en Leyes.

Ese privilegio constituye una excepción a la regla general, y como privilegio y excepción debe interpretarse restrictiva-mente.

"Es regla establecida de hermenéutica estatutaria que no se in-sertarán excepciones por implicación en los estatutos o meramente porque pueda hallarse una buena razón para agregarlas. *Spears* v. *San Antonio,* 110 Tex. 625, 223 S. W. 166; *Wallace* v. *Stephens,* 74 Tex. 560, 12 S. W. 283; *Laughter* v. *Seels,* 59 Tex. 186." *Bradley* v. *Gilliam,* 260 S. W. 289, 292.

"Cuando el estatuto ha establecido una regla general, con sus excepciones, la corte no reducirá las primeras ni ampliará las últimas por implicación. Las excepciones fortalecen el alcance de una ley general y las enumeraciones la debilitan respecto a las cosas no ex-presadas allí." Sutherland "on Statutory Construction", sec. 328, citada con aprobación en *Burns* v. *City of Nashville,* 178 S. W. 1053, 1054.

380

Es en este punto en que se basa la decisión de esta Corte Suprema en el caso de *Ex parte Muñoz Igartúa,* 41 D.P.R. 360, donde se resolvió la misma cuestión que ahora nos somete el peticionario. Dice así la opinión:

"La regla establecida por la ley antes citada es que todo aspirante debe tomar un examen oral a menos que haya obtenido el grado académico de bachiller en leyes en la Universidad de Puerto Rico. El peticionario no se coloca dentro de la excepción. Si bien quizás el título obtenido por el peticionario envuelve la misma cantidad de conocimientos poseídos por otros graduados del Colegio de Derecho, sin embargo, suponiendo que tuviéramos facultad para ello, no estamos dispuestos a ir más allá de la excepción hecha por la Legislatura."

Este caso fué confirmado en *Ex parte Brunet,* 42 D.P.R. 1001.

*Por las razones expuestas, entendemos que debe declararse sin lugar la solicitud del peticionario.*