Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Ángeles M. Rodríguez D'andrea<br><br>Apelante<br><br>vs.<br><br>Departamento de Hacienda de P.R., representado por su Honorable Secretario, Francisco Parés Alicea; y el Estado Libre Asociado de Puerto Rico, representado por su Honorable Secretario de Justicia, Domingo Emanuelli Hernández<br><br>Apelados | KLAN202400835 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV08589<br><br>Sobre:<br><br>Reintegro de Contribución Sobre Ingresos |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, el Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de octubre de 2024.

Comparece ante nos, la señora Ángeles M. Rodríguez D'andrea (Sra. Rodríguez D'andrea o apelante), quien presenta recurso de apelación en el que solicita la revocación de la "Sentencia" emitida el 24 de mayo de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante dicho dictamen, el foro primario desestimó la "Demanda" presentada por la apelante.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, desestimamos el recurso presentado mediante los fundamentos que expondremos a continuación.

---

[1] Notificada el 28 de mayo de 2024.

Número Identificador

SEN2024 _____

# I.

El 11 de septiembre de 2023, la Sra. Rodríguez D'andrea presentó una "Demanda" contra el Departamento de Hacienda de Puerto Rico (DHPR o apelado). En resumidas cuentas, alegó que, el 15 de junio de 1998, suscribió un acuerdo con Puerto Rican Cement Co., Inc. mediante el cual aceptó terminar su empleo voluntariamente a cambio del pago global de $428,924.00, cuantía que incluía una partida por $279,360.00 para resarcir daños y relevo de reclamaciones laborales. Sin embargo, arguyó que, de esta partida, se le retuvo la cantidad de $91,015.28 por concepto de contribución sobre ingresos. Adujo que, por entender que dicha partida no era tributable, solicitó un reintegro por $64,471.00 en su planilla de contribución sobre ingresos del año contributivo 2003. No obstante, afirmó que, tras varias incidencias procesales, el 20 de diciembre de 2007, la Oficina de Apelaciones Administrativas emitió una "Notificación Final de la Deficiencia" en la que se le impuso una deficiencia ascendente a $41,223.37, declarando así tributables los pagos de indemnización que recibió por motivo de su cesantía.[2] Sostuvo que, por esta razón, el 24 de enero de 2008, tuvo que pagar al DHPR la cantidad de $41,395.00, más intereses computados hasta la fecha.

Aseveró que, transcurridos más de dos años desde la emisión del pago para satisfacer la "Notificación Final de Deficiencia", el 10 de agosto de 2010, solicitó al apelado un reintegro por $135,340.00, cantidad que incluye los $64,471.00 reclamados en la planilla del 2003, más los $41,395.00 pagados por motivo de la "Notificación Final de la Deficiencia". Lo anterior, basándose en lo resuelto por nuestro Tribunal Supremo en *Orsini García v. Srio. de Hacienda*, 177 DPR 596 (2009).

---

[2] Esta determinación confirmó la "Determinación Preliminar de Deficiencia" emitida por el Negociado de Auditoría Fiscal notificada el 12 de enero de 2006.

Indicó que, luego de ciertos trámites procesales, el 14 de agosto de 2023, recibió la denegatoria del reintegro solicitado. En atención a lo cual, presentó la reclamación de epígrafe ante el Tribunal y reiteró su solicitud de reintegro. Argumentó que, conforme a lo dispuesto en la Sección 1022(b)(5) del Código de Rentas Internas de 1994,[3] y según lo resuelto por nuestro Tribunal Supremo en el caso de *Orsini García v. Srio. de Hacienda*, *supra*, la partida de $279,360.00 no está sujeta a retención por concepto de contribución sobre ingresos pues está exenta de tributación. De este modo, solicitó se ordene al DHPR a reintegrar la suma total de $218,767.85, más la imposición de $10,000.00 por concepto de honorarios de abogados.

Así las cosas, el 27 de noviembre de 2023, el DHPR presentó una "Moción de Desestimación", y esgrimió que la "Demanda" deja de exponer una reclamación que justifique la concesión de un remedio. Particularmente, expuso que el reclamo de la apelante constituye cosa juzgada, ya que la determinación de la Oficina de Apelaciones Administrativas advino final y firme en el año 2008.

Por su parte, el 26 de enero de 2024, la Sra. Rodríguez D'andrea presentó su "Oposición a Moción de Desestimación", y manifestó que: (1) la doctrina de cosa juzgada es inaplicable al caso, toda vez que la "Notificación Final de Deficiencia" es una determinación administrativa nula por ser incorrecta, ilegal y *ultra vires*; (2) se le violentó su debido proceso de ley, ya que en la "Notificación Final de Deficiencia" se omitió información esencial relacionada con el proceso de fianza, y (3) no se cumplen los requisitos para la aplicación de la doctrina de cosa juzgada.

Evaluados los escritos presentados por ambas partes, el 24 de mayo de 2024,[4] el Tribunal de Primera Instancia emitió

---

[3] 13 LPRA sec. 1822(b)(5).
[4] Notificada el 28 de mayo de 2024.

"Sentencia" y desestimó la "Demanda" presentada por la apelante. Concluyó que la "Notificación Final de Deficiencia" emitida por el DHPR advino final y firme en una fecha anterior al caso de *Orsini García v. Srio. de Hacienda, supra,* por lo que, en ese momento, no estaba claro si la indemnización recibida por la apelante era tributable o no. Por entender que su reclamo se resolvió al amparo del derecho que estaba vigente, y en vista de que el Tribunal Supremo no estableció que lo resuelto en *Orsini García v. Srio. de Hacienda, supra,* tendría aplicación retroactiva, declaró Ha Lugar la "Moción de Desestimación" presentada por el DHPR. De esta forma, acogió los argumentos del apelado sobre la aplicación de la doctrina de cosa juzgada.

Inconforme, el 12 de junio de 2024, la Sra. Rodríguez D'andrea presentó una "Moción de Reconsideración", y reafirmó sus argumentos en cuanto a la inaplicabilidad de la doctrina de cosa juzgada. El DHPR se opuso mediante "Oposición a Moción de Reconsideración" presentada el 11 de julio de 2024, y enfatizó la aplicación de la doctrina de cosa juzgada.

Atendidas las posturas de ambas partes, el **12 de julio de 2024**,[5] el foro recurrido declaró No Ha Lugar la "Moción de Reconsideración" presentada por la apelante.

Aún insatisfecha, el **9 de septiembre de 2024**, la Sra. Rodríguez D'andrea recurrió ante este foro apelativo intermedio, y señaló la comisión de los siguientes errores, a saber:

> *Primer Error: Erró el Honorable Tribunal de Primera Instancia, Sala de San Juan, al determinar que aplicaba la doctrina de "cosa juzgada" debido a que la contribuyente agotó todos los remedios administrativos que tenía disponibles.*
>
> *Segundo Error: Erró el Honorable Tribunal de Primera Instancia, Sala de San Juan, al determinar que aplicaba la doctrina de "cosa juzgada" a pesar de que la deficiencia final es nula y violenta el derecho constitucional a un debido proceso de ley.*

---

[5] Notificada ese mismo día.

*Tercer Error: Erró el Honorable Tribunal de Primera Instancia, Sala de San Juan, al determinar que aplicaba la doctrina de "cosa juzgada" a pesar de que la contribuyente no tuvo oportunidad adecuada de litigar su caso.*

*Cuarto Error: Erró el Honorable Tribunal de Primera Instancia, Sala de San Juan, al determinar que no aplicaba a la contribuyente lo resuelto por el TSPR en el caso Orsini García v. Srio. de Hacienda, 177 D.P.R. 596 (2009).*

Mediante "Resolución" emitida el 10 de septiembre de 2024, concedimos a la Oficina del Procurador General un término para someter su alegato en oposición, a vencer el 1 de octubre de 2024. Asimismo, le advertimos que, de no comparecer dentro del término concedido, procederíamos a dar por perfeccionado el caso y a resolverlo sin su comparecencia. El 27 de septiembre de 2024, la Oficina del Procurador General presentó una "Solicitud de Desestimación", la cual acogemos como su comparecencia. Contando con la postura de ambas partes, procedemos a resolver.

**II.**

**-A-**

Los tribunales tienen la responsabilidad de examinar su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). La jurisdicción se refiere al "poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power. Inc. v. Junta de Subasta ASG*, 2024 TSPR 24. Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). En ese sentido, los foros judiciales tenemos el deber ineludible de atender con preferencia los asuntos concernientes a la jurisdicción. *R&B Power. Inc. v. Junta de Subasta ASG, supra.* Esto, pues, "[u]na vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su

consideración, procede la desestimación inmediata del recurso". *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023).

Es norma reiterada que, para adjudicar un caso, los foros judiciales deben tener jurisdicción sobre la materia, así como sobre las partes litigiosas. *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023). La jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal". J.A. Echevarría Vargas, <u>Procedimiento Civil Puertorriqueño</u>, 1.ra ed., Colombia, 2010, pág. 25. Es el Estado el único que puede, a través de sus leyes, privar a un tribunal de jurisdicción sobre la materia, ya sea por disposición expresa o por implicación necesaria. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 145 (2023). La falta de jurisdicción sobre la materia da lugar a las consecuencias siguientes:

> *(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. Beltrán Cintrón et al v. ELA et al, 204 DPR 89, 101-102 (2020).*

Por otro lado, para poder decidir si atendemos o no las controversias que son planteadas ante nos, debemos evaluar la decisión recurrida, así como la etapa del procedimiento en que es presentada, con el propósito de determinar si es la más apropiada para intervenir. Lo anterior, debido a que la presentación prematura o tardía de un recurso priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz*, 209 DPR 402, 415 (2022). Lo determinante para concluir si un recurso es prematuro o tardío es su fecha de presentación. *Íd.* Un recurso es prematuro cuando se ha presentado con relación a una determinación que se encuentra pendiente y no ha sido resuelta. *Yumac Home v.*

*Empresas Massó*, 194 DPR 96, 107 (2015). O sea, es aquel que se presenta en la secretaría de un tribunal apelativo antes de que este adquiera jurisdicción. *Pueblo v. Ríos Nieves, supra*, a la pág. 274. En cambio, un recurso tardío es el que se presenta luego de transcurrido el término dispuesto en ley para recurrir. *Yumac Home v. Empresas Massó, supra*, a la pág. 107.

Ahora bien, las consecuencias de uno y otro son distintas. La desestimación de un recurso tardío es final, y priva fatalmente a la parte de presentarlo nuevamente. *Pueblo v. Rivera Ortiz, supra*, a la pág. 415. En cambio, un recurso desestimado por prematuro permite a la parte afectada presentarlo nuevamente en el momento oportuno. *Íd.* Esto es, luego de que el foro recurrido resuelva lo que tenía ante su consideración. *Yumac Home v. Empresas Massó, supra*, a la pág. 107.

En resumen, los asuntos jurisdiccionales son privilegiados y deben cumplirse estrictamente porque, de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto y desestimará la reclamación sin entrar en los méritos de la controversia. *R&B Power. Inc. v. Junta de Subasta ASG, supra.*

**-B-**

La Ley Núm. 1-2011, 13 LPRA sec. 30011 *et seq.*, mejor conocida como el Código de Rentas Internas de 2011, según enmendado, provee el marco legal que regula el ámbito contributivo de nuestro País. En lo concerniente, el Capítulo 2 del precitado cuerpo legal establece lo relativo al reintegro o crédito por un pago en exceso de cualquier contribución. En específico, la Sección 6025.01 (1) del Código de Rentas Internas de 2011, 13 LPRA sec. 33061, dispone que, cuando un contribuyente solicite algún crédito o reintegro y este sea denegado por el Secretario de Hacienda, el contribuyente afectado por dicha determinación podrá recurrir ante el Tribunal de Primera Instancia, dentro del término

de 30 días a partir de la fecha en que se depositó en el correo la notificación de la decisión. Asimismo, la Sección 6025.01 (2) del Código de Rentas Internas de 2011, *supra*, expresamente reconoce que el término para recurrir ante el foro judicial es uno de carácter jurisdiccional y, como tal, su incumplimiento priva al Tribunal para conocer del asunto. Además, la Sección 6025.01 (3) del Código de Rentas Internas de 2011, *supra*, enfatiza que el único remedio que tiene el contribuyente para cuestionar la denegatoria de un reintegro es recurrir ante el Tribunal, ya que "no tendrá derecho a solicitar vista informal ni ningún otro procedimiento administrativo ante el Secretario". *Íd.* Respecto a la revisión de la decisión del Tribunal de Primera Instancia, la Sección 6025.01 (4) del Código de Rentas Internas de 2011, *supra*, provee lo siguiente:

> *Contra la sentencia que dicte el Tribunal de Primera Instancia concediendo o negándose a conceder un crédito o reintegro solicitado de conformidad con este apartado el contribuyente o el Secretario, según fuere el caso, podrá recurrir al Tribunal de Apelaciones mediante recurso de apelación radicado en la Secretaría de dicho Tribunal dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia dictada por el Tribunal de Primera Instancia.*

**III.**

Según revela el tracto procesal discutido, el 10 de agosto de 2010, la apelante solicitó un reintegro ante el DHPR por la cantidad de $135,340.00. Dicha petición fue denegada el 14 de agosto de 2023. Por este motivo, el 11 de septiembre de 2023, la Sra. Rodríguez D'andrea presentó una "Demanda" ante el foro judicial reiterando su solicitud de reintegro, al amparo de la Sección 6025.01 (1) del Código de Rentas Internas de 2011, *supra*. Posteriormente, el DHPR solicitó la desestimación del reclamo presentado en su contra, y la apelante se opuso a ello. Contando con la postura de ambas partes, el 24 de mayo de 2024,[6] el

---

[6] Notificada el 28 de mayo de 2024.

Tribunal de Primera Instancia emitió "Sentencia" y desestimó la "Demanda" presentada por la Sra. Rodríguez D'andrea.

Oportunamente, el 12 de junio de 2024, la apelante solicitó reconsideración del dictamen. Como se sabe, presentada una moción de reconsideración por alguna de las partes, los términos para recurrir en alzada quedan interrumpidos, y comenzarán a correr nuevamente desde la fecha en que se notifique la resolución resolviendo la petición de reconsideración. Véase, Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47. **La "Moción de Reconsideración" presentada por la Sra. Rodríguez D'andrea fue declarada No Ha Lugar mediante "Resolución" <u>emitida y notificada el 12 de julio de 2024</u>.**

La apelante recurre ante este Tribunal de Apelaciones mediante recurso de apelación presentado el 9 de septiembre de 2024, conforme la Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2.[7] Tras un análisis del derecho aplicable, **concluimos que el escrito presentado por la Sra. Rodríguez D'andrea es tardío y**, **consecuentemente**, **debe ser desestimado**.

La Regla 52.2 (a) de Procedimiento Civil, *supra*, dispone que, como norma general, un recurso de apelación para revisar sentencias del Tribunal de Primera Instancia deberá presentarse en el Tribunal de Apelaciones dentro del término jurisdiccional de 30 días, a ser computados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado.

Sin embargo, y a modo de excepción, la Regla 52.2 (c) de Procedimiento Civil, *supra*, establece que:

> *En aquellos casos en que el Estado Libre Asociado de Puerto Rico y los municipios, sus funcionarios(as) o una de sus instrumentalidades, excluyendo a las corporaciones públicas, sean parte en un pleito, el recurso de apelación para revisar sentencias del Tribunal de Primera Instancia o el recurso de certiorari para revisar discrecionalmente las sentencias o*

---

[7] Véase, recurso a la pág. 2.

*resoluciones del Tribunal de Apelaciones en recursos de apelación, deberán ser presentados por cualquier parte en el pleito perjudicada por la sentencia o la resolución, dentro del término jurisdiccional de **sesenta (60) días** contados desde la fecha del archivo en autos de copia de la sentencia o resolución recurrida.* (Énfasis provisto).

Por tanto, conforme los términos literales de la precitada regla, cuando el Estado es parte del pleito, la parte adversamente afectada por el dictamen final del foro primario tiene 60 días para apelar la sentencia.

Ahora bien, la Sección 6025.01 (4) del Código de Rentas Internas de 2011, *supra*, **que es la ley especial en este caso**, provee un término distinto para que el contribuyente o el Secretario de Hacienda, según fuere el caso, presente su recurso de apelación. En términos literales, la aludida Sección dispone lo siguiente:

> *Contra la sentencia que dicte el Tribunal de Primera Instancia concediendo o negándose a conceder un crédito o reintegro solicitado de conformidad con este apartado el contribuyente o el Secretario, según fuere el caso, podrá recurrir al Tribunal de Apelaciones mediante recurso de apelación radicado en la Secretaría de dicho Tribunal dentro de los **treinta (30) días** siguientes al archivo en autos de una copia de la notificación de la sentencia dictada por el Tribunal de Primera Instancia.* (Énfasis nuestro).

Como puede apreciarse, la Sección 6025.01 (4) del Código de Rentas Internas de 2011, *supra*, establece un término de 30 días para apelar la sentencia que dicte el Tribunal de Primera Instancia concediendo o denegando un reintegro, **aun cuando el Estado es parte del pleito**. Debemos destacar que la precitada disposición legal, la cual estaba vigente al momento en que el Secretario de Hacienda notificó la denegatoria del reintegro en controversia, es idéntica a la Sección 6030 (a) del Código de Rentas Internas de 1994, 13 LPRA sec. 8040. De este modo, nuestra Asamblea Legislativa mantuvo inalterado el término jurisdiccional de 30 días para apelar determinaciones del tribunal de instancia en litigios de

reintegro, aun cuando la Regla 52.2 (c) de Procedimiento Civil, *supra*, ya disponía un término más amplio para apelar en aquellos casos en los que el Estado fuere parte.

La interpretación de las leyes tributarias exige un análisis hermeneútico restrictivo, razonable y cónsono con la voluntad legislativa. *Yiyi Motors, Inc. v. E.L.A.*, 177 DPR 230, 304-305 (2009). Además, las legislaciones tributarias no se interpretarán de forma extensiva, sino de forma justa y conforme a sus propios y expresos términos. *Ortiz Chévere et al. v. Srio. Hacienda*, 186 DPR 951, 975-976 (2012), citando a *Yiyi Motors, Inc. v. E.L.A.*, *supra*, a la pág. 250. Tampoco podemos obviar que, en la interpretación de estatutos, es principio firmemente establecido que "una ley de carácter especial sobre la materia prevalece sobre una de carácter general". *Com. Electoral PPD v. Com. Electoral PNP*, 205 DPR 559, 579 (2020). Sobre este punto, nuestra Alta Curia ha manifestado que:

> *Cuando hay dos leyes o disposiciones, de las cuales una es especial y particular e incluye ciertamente la materia en controversia, y la otra tan general que de subsistir sola incluiría la misma materia, y vendría en conflicto con la ley o disposición especial,* **debe entenderse que la especial constituye una excepción a la ley o disposición general**, **especialmente cuando la ley general y la especial son contemporáneas, pues no se presume que la Asamblea Legislativa intentó crear un conflicto**. *Íd.*, citando *a Ex parte Ramos*, 53 DPR 374, 378 (1938). (Énfasis suplido).

En virtud de lo anterior, **concluimos que el Código de Rentas Internas de 2011**, *supra*, **es la ley especial que rige la materia y**, **por consiguiente**, **gobierna la controversia que aquí atendemos**. **En ese contexto**, **los términos que deben operar para la radicación de recursos apelativos en pleitos sobre reintegros son los establecidos en el el Código de Rentas Internas de 2011**, *supra*.

Como ya explicamos, la parte afectada por una sentencia emitida por el Tribunal de Primera Instancia en un litigio de

reintegro, sea el contribuyente o el Secretario, según fuere el caso, puede solicitar la revisión de dicha sentencia mediante recurso de apelación, el cual deberá radicarse en la Secretaría del Tribunal de Apelaciones dentro de los **30 días** de notificada la sentencia emitida por el Tribunal de Primera Instancia.

En armonía con lo anterior, **la Sra. Rodríguez D'andrea tenía un término de 30 días desde que se le notificó la "Resolución" declarando No Ha Lugar su "Moción de Reconsideración" para recurrir mediante recurso de apelación ante este Tribunal de Apelaciones**, **tal cual dispone la Sección 6025.01 (4) del Código de Rentas Internas de 2011**, *supra*. **En otras palabras**, **el término para presentar la apelación ante esta segunda instancia judicial vencía el 12 de agosto de 2024**.[8]

No obstante lo anterior, la apelante presentó su recurso de apelación en la Secretaría de este foro apelativo el **9 de septiembre de 2024**, **o sea**, **28 días después de expirado el término jurisdiccional para recurrir ante nos**. En atención a lo cual, determinamos que carecemos de jurisdicción para entender en el asunto presentado, y procede la desestimación inmediata del recurso por tardío.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, desestimamos el recurso presentado por la señora Ángeles M. Rodríguez D'andrea, por tardío.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] Aunque el término de 30 días vence el 11 de agosto de 2024, por ser el último día del término un domingo, dicho plazo se extiende hasta el próximo día laborable, o sea, el lunes 12 de agosto de 2024. Véase, Regla 68.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.1.